CHARLES A. EATON, EXECUTOR AND TRUSTEE, *vs.*
RUTH ANN EATON ET ALS.

First Judicial District, Hartford, May Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The provisions of a will originally executed during the existence of a statute against perpetuities, but republished and confirmed, because of the addition of a codicil, after such statute has been repealed, do not come within the operation of the statute.

A testator directed that the income of a $4,000 fund given in trust should be paid over equally to the two sons and two daughters of his deceased brother during their lives, and gave the remainder in fee to the respective "issue" of the body of each of said children. One half the residue of his estate the testator also gave to the same children of his brother, and directed that it be held in trust in the same way and manner as the prior bequest of $4,000. *Held:*—

1. That this required both the principal and income of this portion of the residue to be treated and disposed of in precisely the same way that was prescribed for the management and disposition of the $4,000 fund.

2. That the respective issue of each of the four life tenants took vested remainders in the property of which their parent was entitled to the income, and upon the decease of such parent acquired such property absolutely.

3. That by "issue" the testator meant indefinite issue, or issue in any degree, and also included illegitimate as well as legitimate offspring.

In suits to construe wills advice should not be given upon questions unrelated to contingencies which have arisen or to conditions that exist.

Argued May 5th—decided June 10th, 1914.

SUIT to determine the validity and construction of the will of Russell Eaton of Kent, deceased, brought to and reserved by the Superior Court in Litchfield County, *Case, J.*, upon the facts alleged in the complaint, for the advice of this court.

Russell Eaton died March 23d, 1899, leaving a will, of which the plaintiff is executor, executed November 18th, 1891, and a codicil thereto executed March 1st, 1897, both duly probated. In the codicil the original will was confirmed and established in all respects not affected by the codicil. He left surviving him a widow, the defendant Ruth Ann Eaton, a brother Luther, his sole heir at law, and certain nephews and nieces. Luther Eaton died leaving a will, of which Charles A. Eaton is executor. In that capacity he is made a party. Edward L. Eaton, Burritt Eaton, and Sophia J. Eaton, named in the seventh paragraph of the will, are still living. They, and the administrator upon the estate of Ann Jane Stuart, who died March 2d, 1913, are included among the defendants.

Ann Jane Stuart left surviving her a legitimate daughter, the defendant Gertrude Stuart Benson, who was born in 1892, and also a grandson, the defendant Louis Eaton Sterry, born in 1893, and the illegitimate

son of Nora Estelle Eaton, who was the illegitimate daughter of said Ann Jane Stuart, born in 1877 and died in 1896.

The will contained the following provisions:—

"VII. I give and bequeath to my said Executors the sum of Four Thousand dollars to be held by them in trust for the following purposes, viz; to hold, invest and reinvest the same as trust funds by law may be held and invested, and annually or oftener in their discretion, to pay over the income thereof equally to Edward L. Eaton of Warren, Conn., Ann J. Stuart, Burritt Eaton and Sophia J. Eaton all of Kent, children of my deceased brother, Reuben Eaton, during their lives.

"But if any of said children die leaving issue of his or her body, then the portion of said trust fund of which said child or children are entitled to the income shall go and belong absolutely to such issue;—and if the survivor of such children die leaving no issue, then the remainder of said trust funds shall go and belong absolutely to the issue of the other children, in such manner, as all of such issue shall receive an equal portion of said Four Thousand dollars.—

"VIII. All the rest residue and remainder of my estate I give devise and bequeath unto my brother Luther Eaton and said children of my deceased brother Reuben, as follows, viz; one-half thereof absolutely to my said brother Luther, and the remaining one-half to said children of Reuben, to be held in trust in the same way and manner, as is provided in the preceding section (VII.) of this my last will and testament."

The Superior Court is asked to give its advice in answer to the following questions:—

"(1.) Whether the provisions of the 7th section of said will or any of them, and if so, which, are invalid because of the statute against perpetuities in force at the time said will was made.

" (2.) Whether the provisions in the 8th section of said will giving 'the remaining one-half to said children of Reuben, to be held in trust in the same way and manner, as is provided in the preceding section (VII) of this my last will and testament' give said children only the life use of said one-half of the residue, and directs the distribution of the principal thereof upon the death of any of said children in the same way and manner as is directed in regard to the $4,000.00 bequeathed in the 7th section of said will.

" (3.) If the 2nd question is answered in the affirmative, then whether the provisions of the 8th section of said will, or any of them, and, if so, which, are invalid, because of the statute against perpetuities in force at the time said will was made.

" (4.) If the 2nd question is answered in the negative, then to whom, and in what proportion, said one-half of the residue of said estate goes, of right belongs, and should be distributed.

" (5.) Whether that portion of the trust fund held by the plaintiff of which said Ann J. Stuart was entitled to the income during her life shall now be paid over and distributed.

" (6.) If said portion shall now be paid over and distributed to whom, and in what proportions the same goes, of right belongs, and should be distributed.

" (7.) Whether, in the phrase in said 7th section of said will 'But if any of said children die leaving issue of his or her body,' the testator intended by the words 'issue of his or her body' children or descendants generally.

" (8.) Whether by said words 'issue of his or her body' the testator intended legitimate issue only."

*Howard F. Landon,* for the plaintiff.

*John F. Addis,* for Louis Eaton Sterry.

*Leonard J. Nickerson* and *Frank B. Munn,* for Gertrude Stuart Benson and Frank B. Munn, administrator.

*Thomas F. Ryan,* for Edward L. Eaton.

PRENTICE, C. J. This will, which was confirmed and reëstablished by its codicil in 1897, and did not speak until the decease of the testator in 1899, does not come under the operation of the statute against perpetuities, repealed in 1895. Public Acts of 1895, Chap. 249, p. 590.

The gift of one half of the rest, residue and remainder to the children of Reuben, contained in the eighth paragraph, was a gift in trust to be held and disposed of, principal and income, in precisely the same way as was provided in paragraph seven for the management and disposition of the $4,000 fund, principal and income, which was the subject-matter of the provisions of paragraph seven. Ann Jane Stuart, having died leaving issue surviving, took only a life use. The remainder over of that portion of the trust fund of which she was entitled to receive the income vested in her issue, and upon her death became an absolute estate in them.

By the words "issue of his or her body," as used in paragraph seven, was meant issue in any degree. That is the primary and usual meaning of those words, and there is nothing to indicate their use here in any more limited sense. *Bartlett* v. *Sears,* 81 Conn. 34, 39, 70 Atl. 33; *Perry* v. *Bulkley,* 82 Conn. 158, 164, 72 Atl. 1014.

The words "issue of his or her body" include illegitimate as well as legitimate issue. There is nothing in the will to indicate the use of these words in any other than their prima facie signification. *Eaton* v. *Eaton, ante,* p. 269, 91 Atl. 191.

That part of the trust fund held by the plaintiff, of which Ann Jane Stuart was entitled to the income during her life, is now payable to her daughter Gertrude Stuart Benson and her grandson Louis Eaton Sterry, one half thereof to each.

Advice is not given, and should not be given by the Superior Court, upon questions unrelated to contingencies which have arisen or to conditions that exist.

The Superior Court is advised to render its judgment in conformity with the above conclusions.

No costs in this court will be taxed in favor of any of the parties.

In this opinion THAYER, RORABACK and BEACH, Js., concurred.

WHEELER, J. (dissenting). The testator gave to trustees a fund, the income from which was to be paid equally to the children of his brother during their lives. He then provided: "But if any of said children die leaving issue of his or her body, then the portion of said trust fund of which said child or children are entitled to the income shall go and belong absolutely to such issue."

One of the children, Mrs. Stuart, had an illegitimate daughter born March 26th, 1877, who died September 14th, 1896. This daughter had an illegitimate son, born December 5th, 1893, and now living.

The testator's will was published November 18th, 1891, and the codicil thereto March 1st, 1897, which recited: "I hereby confirm and establish my said will in all other respects."

At the death of Mrs. Stuart, and at the making of the codicil, Gertrude was the only living child of Mrs. Stuart.

The "issue of . . . her body," in this clause of the will, meant the legitimate issue of her body. If it could

be held to include illegitimate issue of her body, there was none such at the republication of the will, and the testator could not then have so intended.

We need not renew or repeat our discussion had in the case of the will of Reuben Eaton.

The uncle of Mrs. Stuart (Russell Eaton) did not, in my judgment, by the devise to the issue of her body, intend to include therein the illegitimate son of the illegitimate daughter of Mrs. Stuart, but did intend to include only the legitimate children of Mrs. Stuart.