JOSEPH B. MORSE, TRUSTEE, *vs.* HARRIET M. WARD ET ALS.

Third Judicial District, New Haven, January Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A testamentary provision which contravened the statute against perpetuities which was in existence when the will was made, is validated when the will is ratified and confirmed by a codicil executed after the repeal of the statute.

The word "heirs" has so often been used in a will to include all those who would inherit either real or personal estate, that there is no longer any good reason for insisting upon its technical significance; that is, as limited to those who would inherit real estate only, unless the intention to use it in that sense is apparent.

In the present case a testatrix left all her property in trust for the benefit of her three sons during their lives, and upon the death of the survivor it was to be "divided equally among the heirs at law" of said sons "according to the laws of distribution of intestate estates" in this State. None of the three sons left issue, but two of them left widows, and a fourth son, who had died before the execution of the will, left one son who survived the testatrix. *Held* that the words last quoted referred to the persons who were to take under the statute of distribution, and thus gave to the term "heirs at law" its secondary and not uncommon meaning; and that under this construction the property passed in three equal parts to the wives or widows of the two sons and to the sole grandchild.

Argued January 15th—decided March 12th, 1918.

SUIT to determine the validity and construction of the will of Lucinda J. Ward of Bridgeport, deceased, brought to and reserved by the Superior Court in Fairfield County, *Curtis, J.,* upon an agreed statement of facts, for the advice of this court.

In 1894 Lucinda J. Ward of Bridgeport executed a will by which her entire estate, both real and personal, was left to trustees, the income, and at their discretion, the principal, to be paid to her three sons, Charles, Edward, and Harry, during their lives, the issue of any deceased son to take the share of his or her parent. After the death of the three sons the property was to be disposed of as directed by the will of Charles, "and should he fail to make such will, the residue and remainder shall be divided equally among the heirs at law of my three sons according to the laws of distribution of intestate estates in the State of Connecticut."

In July, 1898, Charles died leaving neither widow nor issue and without executing the power. In January, 1900, the testatrix executed a codicil in which she ratified and confirmed her will with some minor exceptions not now material.

In April, 1901, the testatrix died. Edward died without issue in 1907, leaving a widow Mary Elizabeth Ward. Harry died without issue in 1916 leaving a widow Harriet M. Ward. A fourth son of the testatrix, George, died before the will was executed, leaving a son, Brownlee Robertson Ward.

Plaintiff is the sole trustee under the codicil, and the following claims are made upon the funds in his hands. Brownlee Robertson Ward claims the whole fund as the only "heir at law" of his three uncles. Harriet M. Ward and Mary Elizabeth Ward claim to be entitled to share in the fund as persons entitled to take "according to the laws of distribution of intestate estates in the State of Connecticut." Mary Elizabeth claims,

also, as executrix of the estate of her husband, on the theory that the remainder over to the heirs at law of the three sons was void under the statute against perpetuities, and that the fund in question is intestate estate of the testatrix.

*Robert H. Gould,* for the plaintiff.

*A. Heaton Robertson,* for Brownlee R. Ward.

*Samuel F. Beardsley,* for Harriet M. Ward.

*William A. Redden,* for Mary Elizabeth Ward.

*John A. Spafford,* for estate of Edward Trumbull Ward.

BEACH, J.  The claim of Mary Elizabeth Ward as executrix of her husband's estate, based on the theory that the remainder to the heirs at law of the three life tenants is void under the former statute against perpetuities, is dismissed, on the ground that the trust was ratified and confirmed by the codicil of 1900 executed after the statute had been repealed. *Eaton* v. *Eaton,* 88 Conn. 286, 91 Atl. 196.  It is not void under the common-law rule.

All the other claims depend upon the answer to the question whether, under the proper construction of the residuary clause, the fund is to be divided among the heirs at law of the three sons, or among those entitled to share in intestate estates according to the statute of distribution.

Our decisions recognize the fact that the phrase "heirs at law" is sometimes used by testators in the latter sense.  "The term 'legal heirs,' in legal strictness, signifies those who would inherit real estate. *Ruggles* v.

*Randall,* 70 Conn. 44, 38 Atl. 885. It is also used to indicate those who would take under the statute of distribution. *Tingier* v. *Chamberlin,* 71 Conn. 466, 469, 42 Atl. 718." *Dickerman* v. *Alling,* 83 Conn. 342, 345, 76 Atl. 362. In fact, the word "heirs" has been so often used and construed as including all who would inherit either real or personal estate, that there is no longer any good reason for insisting upon its technical significance, except where the intention to use it in that sense is apparent.

In this context the phrase "heirs at law" cannot reasonably be used in its technical legal significance. In order to do so it would be necessary to construe the words "according to the laws of distribution of intestate estates," as referring only to the rule for the division of the estate among the heirs at law of the three sons; but the testatrix has already adopted her own rule of division by the word "equally." And if it be attempted to escape that difficulty by reading in the words "*per stirpes*," then collateral heirs are excluded, and under the circumstances of this case the whole fund becomes intestate. The only construction which will avoid inconsistency or intestacy, is that the words "according to the laws of distribution of intestate estates" refer to the persons who are to take, and so construed, they give to the term "heirs at law" its secondary, but not uncommon, significance.

The Superior Court is advised that the residue and remainder of the estate of Lucinda J. Ward under the provisions of her will and codicil should be divided equally between Harriet M. Ward, Mary Elizabeth Ward and Brownlee Robertson Ward, and that judgment should be rendered accordingly.

In this opinion the other judges concurred.