NELSON B. GORHAM, EXECUTOR AND TRUSTEE, *vs.* EMMA J. GORHAM ET ALS.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

A testator left half of his estate to his wife during her widowhood, the remainder then to become a part of his residuary estate, all of which he gave in trust to pay the income in specified portions to named nephews and nieces, the trust for those so named to terminate upon the decease of any, and the children of the decedent then to take a specified portion, equal to their parent's share in the income, of the principal fund. He further provided that if any of the beneficiaries of the trust should die without children,

Gorham *v.* Gorham.

his or her share should become a part of the trust estate for the benefit of the others, in the same proportion as the amount previously given them bore to the whole estate. After the death of the testator a nephew and a niece died, each leaving a child or children. *Held:*—

1. That the entire trust did not terminate upon the death of one beneficiary, but only the trust as to his or her share, which then became available for distribution to his or her children taking as a class, and opening to include children born after the testator's death; and that such children also then took a vested interest in their proportionate part of the remainder of the widow's fund.

2. That if at such death of a beneficiary there was apportionable and undistributed earned income of the trust fund, such portion thereof as was appropriated to the beneficiary so dying, would belong to his or her estate.

3. That after the death of one of such beneficiaries, whether with children surviving or not, the trust for the remaining beneficiaries continued with the same proportionate payments as before, and that the proportionate part of each could be ascertained by treating the sum of the numerators of all the shares then remaining as a new denominator.

In an action to construe a will, advice is not given upon questions unrelated to contingencies which have arisen or to conditions that exist.

Submitted on briefs April 13th—decided June 15th, 1923.

Suit to determine the construction of the will of John Gorham of Wilton, deceased, brought to and reserved by the Superior Court in Fairfield County, *Banks, J.,* upon the undisputed facts alleged in the complaint, for the advice of this court.

John Gorham, a resident of Wilton, died April 6th, 1921, leaving an estate. On September 21st, 1912, he made a will, which was duly probated April 26th, 1921. The will provided as follows: Clause one, for the payment of debts and funeral charges. Clauses two, three, four and five, read as follows:—

"Second: I give, devise and bequeath to my wife, Emma J. Gorham, the use and improvement of an equal one-half part of all my estate of every kind and character, so long as she remains my widow.

"Upon the death or remarriage of my said wife,

Emma J. Gorham, all of the estate of which she has the use shall become a part of the rest, residue and remainder and be disposed of in the same manner, and to the same persons as the rest, residue and remainder is disposed of by this will.

"THIRD: All the rest, residue and remainder of my estate of every kind and wherever situated, I give, devise and bequeath to Nelson B. Gorham, of Norwalk, as Trustee in trust for the following purposes: to take, receive and hold said trust estate, with power to invest the same and such investments to change as he shall deem best, and to receive the rents, profits and income from the same; to pay all proper charges against said trust estate, together with the expenses of the trust, and to pay over the remainder of said income annually and oftener if convenient to the following persons; the shares following: to my nephew William Edgar Nash, three thirty-seconds of net income; to my nephew George Franklin Nash, three thirty-seconds of said net income; to my niece Sarah Elizabeth Coley, three thirty-seconds of said net income; to my niece Frances Louise Wildman, three thirty-seconds of said net income; to my nephew Frederic Marvin Belden one eighth of said net income; to my niece Emma Louise Bradley, one eighth of said net income; to Thornton Jennings Belden, son of my nephew William Belden, deceased, one sixteenth of said net income; to Viola Belden Bolling, a daughter of my nephew William Belden, deceased, one sixteenth of said net income; to my nephew George A. Sturges, one fourth of said net income.

"FOURTH: Upon the decease of any of the persons mentioned in the third clause of this will, the trust created for the benefit of such deceased person or persons shall thereupon cease, and I give, devise, and bequeath said trust estate, upon such termination,

freed from said trust, as follows: to the children of said William Edgar Nash, three thirty-seconds of said estate, to be equally divided among them; to the children of said George Franklin Nash, three thirty-seconds of said estate to be equally divided among them; to the children of said Sarah Elizabeth Coley, three thirty-seconds of said estate, to be equally divided among them; to the children of said Frances Louise Wildman, three thirty-seconds of said estate, to be equally divided among them; to the children of said Frederick Marvin Bradley one eighth of said estate to be equally divided among them; to the children of said Emma Louise Bradley, one eighth of said estate to be equally divided among them; to the children of said Thornton Jennings Belden, one sixteenth of said estate to be equally divided among them; to the children of said Viola Belden Bolling, one sixteenth of said estate to be equally divided among them; and to the children of said George A. Sturges, one fourth of said estate to be equally divided among them.

"FIFTH: If any of the persons mentioned in the fourth clause of this will should die, leaving no children surviving him or her, then I direct that the share which such children would have taken, should become a part of and be added to the trust estate mentioned in the third clause of this will, and that the income therefrom shall be paid over to the remaining persons mentioned in said third clause, surviving, in the same proportion as the amount given them by said third clause bears to the whole estate, and that the trust as to such portion shall cease and the trust estate be disposed of to the remaining persons named in the fourth clause of this will, in the same proportion as the amount given them by said fourth clause bears to the whole estate."

Nelson B. Gorham was named as executor of said will and trustee, and has duly qualified as executor and trustee and is now acting.

William Edgar Nash, a nephew mentioned in the above clauses of the will, died June 3d, 1921, and Carrie E. St. John is his only child and daughter, and is the duly appointed administratrix of his estate.

Sarah Elizabeth Coley, a niece mentioned in the above clauses of the will, died May 15th, 1922, leaving two surviving children, and William Clinton Welch is the duly appointed administrator of her estate.

The defendants George Burr Nash and Harold Franklyn Nash, are the minor children of George Franklin Nash; and the defendants Beatrice Hurlburt Belden and Benita Virginia Belden, are the minor children of Thornton Jennings Belden, for whom guardians *ad litem* have been duly appointed.

George Franklin Nash is a surviving nephew of the testator, and Thornton Jennings Belden is the son of William Belden, a nephew of the testator who died before the execution of the will. Children of other surviving nephews and nieces named in the clauses of the will who are not minors are also made parties.

*Ira O. Gregory* and *James T. Hubbell,* for the plaintiff.

*Martin J. Cunningham,* for George A. Sturges *et al.*

*Henry C. Higgins,* for George Burr Nash *et al.*

*Edwin S. Pickett,* for George Franklin Nash.

*Albert J. Merritt,* for Beatrice Hurlburt Belden *et al.*

*Harry C. Scofield,* for Emma L. Bradley *et al.*

*John H. Light, Jesse T. Dunbar* and *Edward J. Quinlan,* for Carrie Nash St. John.

*Charles S. Canfield*, for Thornton J..Belden and Viola Belden Bolling.

*John S. Pullman* and *William H. Comley*, for Frederic Marvin Belden.

CURTIS, J. By the terms of the will under clause three, the trustee holds one half of the testator's estate in trust to pay over annually and oftener if convenient, the net income to the four nephews, three nieces, one grandnephew, and one grandniece of the testator, in the proportions therein specified. These relatives, whom for convenience we will speak of as the five nephews and four nieces of the testator, all survived the testator, who died April 6th, 1921. Since the testator's death two of these relatives have died leaving children surviving them. The rights of children of the deceased nephew and niece in the trust fund of clause three and the widow's fund of clause two are, therefore, matters of immediate interest.

On June 3d, 1921, one of the nephews, William Edgar Nash, died, leaving an only child, a daughter, Carrie E. St. John, who was duly appointed administratrix on her father's estate.

On May 15th, 1922, Sarah Elizabeth Coley, a niece mentioned in clause three of the will, died, leaving two children surviving her, and an administrator was duly appointed upon her estate.

The will provides as follows in clause four: "Upon the decease of any of the persons [the five nephews and four nieces] mentioned in the third clause of the will, the trust created for the benefit of such deceased person or persons shall thereupon cease, and I give, devise and bequeath said trust estate, upon such termination, freed from such trust, as follows; to the children of said William Edgar Nash, three thirty-seconds of the estate, to be equally divided among them."

The will provides in like manner as to the effect of the death of Sarah E. Coley, or any other of the *cestuis que trustent* mentioned in clause three of the will.

The terms of clause four provide that upon the decease of a nephew or niece the trust created for the benefit of such deceased person or persons shall cease. It does not provide that the trust created under clause three for all the nephews and nieces shall cease, upon such contingency. Furthermore, the fifth clause provides that on the death of a nephew or niece leaving no child surviving, the "share" which such a child would have taken shall become a part of the trust fund. This discloses that the testator did not intend that the death of a nephew or niece should terminate the entire trust, but only affect what he terms the "share" of the deceased in the trust fund. It is apparent, therefore, from the provisions of the will, that the testator did not intend the entire trust created by clause three to terminate at the death of one of the *cestuis que trustent*.

This construction of the will creates no difficulties in dealing with the trust fund in accord with the clauses of the will. As a result of this construction, the interest of a nephew or a niece in the principal of the trust fund terminates at his or her death, and if such relative leaves surviving children they become, by clause four, at once entitled absolutely to the fractional part of the principal of the trust fund termed his or her share, and thereupon the estate of such deceased nephew or niece has no interest in his or her share of the trust fund.

If at the date of the death of a nephew or niece with a surviving child, there is apportionable and undistributed earned income of the trust fund, then such portion of such income as is appropriated to such nephew or niece by the will would belong to his or her

estate, by the ordinary rules of succession. *Green* v. *Huntington*, 73 Conn. 106, 114, 46 Atl. 883; *Spooner* v. *Phillips*, 62 Conn. 62, 24 Atl. 524.

There are further interests that the children of such deceased relatives have in the estate, such interests arising (1) under clause two upon the death or remarriage of the widow, and (2) under clause five upon the death of a nephew or niece without children surviving. Whenever the interest of the widow in one half of the estate ends by her death or remarriage, that property becomes, by clause two, part of the trust created by clause three. The testator, by the terms of the will which we have discussed, indicates by its scope and purpose that he clearly intends to confine its benefits to nephews and nieces and their issue, and that he intends an equal distribution of the entire estate among such beneficiaries. Construing the will in the light of this purpose, the children of the deceased nephew or niece, whether born before the death of the testator or after his death, upon the death of their parent, have a vested interest in the principal trust fund of clause three and in the widow's fund of clause two. The gifts to the children were gifts to a class, which class would open to take in after-born children. *Eaton* v. *Eaton*, 88 Conn. 269, 276, 91 Atl. 191; *Close* v. *Benham*, 97 Conn. 102, 115 Atl. 626. Whether the children of the deceased nephew or niece took a vested interest in such trust funds before they became surviving children of such niece or nephew, or whether the terms of clause five would prevent the vesting of any such interest until they became surviving children, the conditions now existing do not require us to determine.

The trust fund under clause three, and the widow's fund under clause two, are each separate and entire, and must be so maintained for administrative purposes,

but for the purpose of clearly gathering the testator's intent, it is convenient to consider the trust fund under clause three as, at its inception, divided into thirty-two equal fractional parts, a group of which parts is appropriated to each nephew and niece in the proportions in which the income is distributed, and that under clause four, upon the death of a nephew or niece leaving children surviving, the trust as to the group of these fractional parts, deemed appropriated to such relative, ceases, and the surviving children of the deceased relative become at once entitled absolutely to such part of the trust fund.

After the death of a nephew or niece the income of the trust fund, whether depleted by the payment of shares to children or undiminished by death without children, is thus distributed: the proportion of the income which would be due the then surviving nephews and nieces, would be found by taking the fractional shares of income provided for the surviving nephews and nieces in clause three, and treating the sum of the numerators of such shares as a new denominator with which the original numerator applied to each such relative makes a fraction which fixes the portion of such income each surviving nephew or niece would be entitled to.

In the reservation the parties have formulated many questions relating to situations that have not yet arisen, as, for instance, as to the meaning of the word "children" as used in the will. It is apparent that the construction of that word may affect the interests of persons yet unborn. We have held many times that "advice is not given, and should not be given by the Superior Court, upon questions unrelated to contingencies which have arisen or to conditions that exist." *Eaton* v. *Eaton,* 88 Conn. 286, 291, 91 Atl. 196.

Turning to the specific questions of the reservation,

Gorham *v.* Gorham.

we answer in so far as the contingencies that have arisen, and the conditions that exist warrant.

Q. I.  As far as the children of the deceased nephew and niece are concerned, their interests have now vested.

Q. II.  As to such children, they now have vested interests which they can dispose of.

Q. III.  Children of a nephew or niece born after the death of the testator become members of the class of children to whom bequests are made.

Q. 5-I.  The trust created by clause three of the will should be held as an entire and distinct trust fund subject to be diminished and increased by the terms of clauses two, four and five.

Q. 5-II.  As an entire trust estate the net income to be fractionally distributed as described in the foregoing discussion.

Q. 5-III.  No.

Q. 5-IV.  The estate of a deceased nephew has only a possible interest in undistributed income, and a widow no interest apart from her general interest in her husband's estate.

Q. 5-V.  The children of a deceased parent receive the fractional share of the clause-three fund deemed appropriated to the parent at his death, and so also of the widow's fund when it becomes available.

Q. 5-VI.  No.

Q. 5-VII.  A proper share proportional as to time in any earned, undistributed, apportionable income.

Qs. 5-VIII, IX, X.  These situations do not warrant an answer.

The Superior Court is advised to render judgment as to the several matters in which an adjudication is asked in accord with the foregoing answers to the questions submitted in the reservation.

In this opinion the other judges concurred.