This is a motion to strike out the bill of complaint filed under the provisions of the Uniform Declaratory Judgments act.P.L. 1912 ch. 233 p. 417. The facts, as admitted, are as follows:
Beekman Trading Company was the owner of a large tract of land situated in Cranford, New Jersey. Said company conveyed parts of said tract to various purchasers, and each conveyance contained a set of restrictions following a general scheme.
The portion of said restrictions which is pertinent to this case is as follows:
"That each building lot shall be not less than seventy-five feet wide and shall be used only for the erection of one two and one-half story, one-family dwelling house, to cost not less than $11,000; that the *Page 158 
front foundation thereof shall stand on a line fifty-two and one-half feet from the measured line, and that the said foundation shall stand on a line not nearer than twenty feet from the said line of the lot."
Complainants and defendants are now the owners of certain plots, having purchased the same from the aforesaid Beekman Trading Company, and said plots are subject to the aforesaid general scheme of restrictions except that the complainants are restricted from building a house at a cost of not less than eleven thousand ($11,000) dollars, whereas the defendants may erect a house at a cost of not less than eight thousand ($8,000) dollars.
Complainants allege in the bill of complaint that they are under contract to convey said premises, and that the purchaser has refused to take title on the ground that said building violates the restrictions mentioned above, in that the foundation stands nearer than twenty feet from the side line of the lot.
Complainants claim that the building does not violate the restrictions, although they admit that there is a slight deviation, which they allege is inconsequential.
Complainants state in the bill of complaint that they have secured a written waiver from the Beekman Trading Company and each and every person having an interest in said restrictions, with the exception of defendants, in which they waive any violation of said restrictions, if any exists.
Defendants have refused to sign any waiver and are therefore made defendants to this suit.
Complainants seek the following relief:
(a) That this court decree that the building of complainants, as now erected on the premises described in the bill of complaint, conforms to the requirements of the restrictions against said premises, and is not in violation of same.
(b) Or, that this court decree that no right exists in favor of the defendants, or any of them, to compel complainants to move, alter or change the said building in any manner whatsoever by reason of said restrictions.
The Uniform Declaratory Judgments act was construed in the case of Tanner v. Boynton Lumber Co., 98 N.J. Eq. 85, *Page 159 
by Vice-Chancelor Fielder, who, in dismissing a bill of complaint, states on page 87:
"To entitle complainants to have this court consider the situation set out in their bill, and to render a declaratory judgment thereon, it should appear, from the facts alleged, that they have present rights against the persons whom they made parties to the proceedings, with respect to which they may be entitled to some relief. If it appears from the bill that the complainants can have no relief as against any party they have named as a defendant, such party should not be forced into a litigation which can have no final result in favor of complainants, especially if such litigation will delay the party defendant in enforcing rights which have already been established in his favor as against complainants."
The controversy in this case seems to be between complainants and a prospective purchaser, and the reason defendants have been made parties is because they refused to sign a waiver as to the restrictions. I cannot see that complainants have any rights against the defendants, and they can, it seems to me, ascertain whether the restrictions have been violated by bringing a suit for specific performance against the prospective purchaser. I can see no reason for compelling these defendants to come into court in this matter, for, as I have said above, the complainants can have the matter settled in another action without joining the defendants.
I will, therefore, advise a decree dismissing the bill. *Page 160