## HAROLD C. LOVELL
### *vs.*
## TOWN OF STRATFORD, ET AL.

Superior Court          Fairfield County          File No. 56602

MEMORANDUM FILED JULY 6, 1939.

*Theodore Koskoff,* of Stratford, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendants.

SIMPSON, J.   This is an action for a declaratory judgment brought against the Town of Stratford, town council and board of education of the town.

The plaintiff describes himself as a taxpayer of the town and as having been engaged in business in the town, and that prior to the date of the complaint he had from time to time made contracts with the town and board of education, and that conflict exists between the parties concerning which parties defendants have the power to enter into contracts with the plaintiff, particularly with regard to the repair and maintenance of the public school buildings.

He further alleges the town, through its finance committee and town manager, has assumed to make such contracts, contrary to the power given the board of education by statute to expend at its discretion any monies appropriated according to law for the maintenance of the public school buildings in the Town of Stratford.

It also appears that the plaintiff at present has no contract with either the parties defendants for the repair or maintenance of such school buildings.

It therefore appears that there are at present existing no jural relations between the plaintiff and defendants.   What he wants to know in reality is what would be his right if and when he entered into a contract with either of the defendants and whether or not the board of education has the sole power to make such contracts.

As a general rule "a declaratory relief statute only justifies a declaration of rights upon an existing state of facts, not one upon a state of facts which may or may not arise in the future. Nor will future rights be determined in anticipation of an event that may never happen."   87 A.L.R. 1205, 1215, annotation and cases cited.   Thus, in *Heller vs. Shapiro,* 208 Wis. 310, 242 N.W. 174 (Anno. 87 A.L.R. 1201), the court held

that a declaration of rghts is justified only upon existing facts and not upon a state of facts which may or may not arise in the future, and refused to grant a declaratory judgment respecting plaintiff's rights as to subrogation when they paid off a mortgage if they did pay it; in *Dobson vs. Ocean Accident & G. Corp.* 124 Neb. 652, 247 N.W. 789, it was held that the declaratory judgment act does not require courts to decide or declare rights or status of parties upon a state of facts which is future, contingent or uncertain, and only when justiciable issues are present and all interested persons are made parties to the proceeding; in *DiFabio vs. Southard,* 106 N.J. Eq. 157, 150 Atl. 248, it was held that to maintain a bill for a declaratory judgment it should appear that the plaintiff has present rights *against* (italics, the court's) the persons whom he makes parties defendants to the proceedings, with respect to which he is entitled to some relief; in *Nashville Trust Co. vs. Dake,* 162 Tenn. 356, 36 S.W. (2d) 905, it was held that the court will not declare future rights or decide upon and determine future contingencies which may or may not arise, and refused to construe a will by a declaratory judgment when the court was asked to declare future rights and to determine contingencies which might never arise and when no immediate relief could be afforded.

This latter case is in accordance with the pronouncements of our Supreme Court. See *Gorham vs. Gorham,* 99 Conn. 187, where the court said (p. 195): "We have held many times that 'advice is not given and should not be given by the Superior Court, upon questions unrelated to contingencies which have arisen or to conditions that exist'," citing *Eaton vs. Eaton,* 88 Conn. 286, 291.

It does not appear in this case that the plaintiff has at present any justiciable question existing between him and the parties defendant, and it does not appear that a declaratory judgment will determine or afford him any relief for any alleged grievance, but it does appear that his grievance is based upon contingencies that may never happen. Moreover, it appears that he claims to have grievances against the town manager and the town finance committee. These parties have not been made parties and consequently any judgment that might be rendered would not be binding upon them.

It is true that in the case of *Sigal vs. Wise,* 114 Conn. 297, upon which the plaintiff relies, the court in construing our

declaratory judgment act and rules of court thereunder, held that a construction of our statute and rules which would exclude from the field of their operation the determination of rights, powers, privileges and immunities which are contingent upon the happening or not happening of some future event would hamper their useful operation. But in conjunction therewith, seemingly significantly, says, page 302: "Such a construction does not, however, compel the Superior Court to decide claims of right which are purely hypothetical or are not of consequence as guides to the present conduct of the parties. The second of the limitations upon the exercise of the power contained in the rules is designed to cover just such situations. It provides that there must be an actual, bona fide and substantial question or issue in dispute, or a substantial uncertainty of legal relations which requires settlement."

In that case there existed a legal relation between the parties, that of lessor and lessee of a building which had been totally destroyed by fire. The plaintiff lessee sought a declaratory judgment that if defendant erected a building of such a character that the space leased to plaintiff was suitable for store purposes the plaintiff would be entitled to occupy that space for the purpose of a retail store in accordance with the terms of the lease, and the court held that the allegations of the complaint presented such uncertainty of legal relations as upon the hearing the court might deem to require present settlement for the future guidance of the parties.

In the instant case there is no uncertainty as to the legal relations between the plaintiff and defendants which require settlement. In fact there are no such legal relations. It seems apparent therefore that the plaintiff is in no position to hail these defendants into court for a purpose not to settle any legal relations between him and them, but for an apparent purpose of having the defendants settle differences, if any, existing among themselves.

If plaintiff had a present contract with either of the defendants for repair of school buildings and he was uncertain as to its legality, and he wished to have its legality established before expending time and money in performing that contract, the situation would be different and require different consideration. If either of the parties made a contract which is illegal, other remedies are afforded the plaintiff.

For the foregoing reasons the demurrer is sustained for the reasons stated therein.