THE NEW BRITAIN TRUST COMPANY ET AL., TRUSTEES (WILL OF KATHERINE A. STANLEY) *v.* ISABEL STANLEY ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 14—decided December 5, 1941.

*Mortimer H. Camp,* with whom was *Margaret P. Camp,* for the plaintiffs.

*Lawrence A. Howard,* with whom, on the brief, was *Cyril Coleman,* for the defendants The Hartford-Connecticut Trust Co., Executor, et als.

*Arthur E. Howard, Jr.,* for the defendants Robert H. Stanley et als.

*Roger W. Davis,* with whom was *Douglass B. Wright,* for the defendant Isabel Stanley.

*Harold N. Williams* appeared for the defendant Alix W. Stanley but did not argue the cause.

MALTBIE, C. J. Katherine A. Stanley of New Britain died on June 26, 1927, leaving a will, the construction of a portion of which is sought in this action. The provisions material to the issue before us are as follows:

"16. All the rest, residue and remainder of my estate, both real and personal and wherever situate, I direct my executors hereinafter named to divide into two equal parts, and one of said equal parts I give, devise and bequeath to Alix W. Stanley, of New Britain, Connecticut, to be his absolutely, and the other equal part I give, devise and bequeath to The New Britain Trust Company, of New Britain, Connecticut, and Alix W. Stanley of said New Britain, in trust, however, for the following uses and purposes: to hold, manage, invest and reinvest the same during the natural lives of Mary Peck Stanley, of New Britain, Connecticut, and Isabel Stanley, of said New Britain, and the survivor of them, and to pay over one-quarter of the net income to or for the benefit of the said Mary Peck Stanley during her lifetime, and to pay over one-quarter of the net income to or for the benefit of the said Isabel Stanley during her lifetime, and to pay over the balance of the net income to or for the benefit of the children of my deceased brother, Walter H. Stanley, including his daughter Isabel Stanley and the issue of any deceased child per stirpes, to be divided equally

among them, and at the decease of the survivor of said Mary Peck Stanley and Isabel Stanley, I direct that the balance of said trust fund be divided equally among the children of said Walter H. Stanley, including the issue of any deceased child per stirpes. . . .

"17. In case any legatee or devisee herein named, including residuary legatees and devisees, (except those taking under the trust fund created in Paragraph 16 of this will) should not be living at the time of my decease, then I give, devise and bequeath the property he or she would have received if living to his or her heirs if said legatee or devisee died intestate, but if such legatee died leaving a will, then I give, devise and bequeath such property to the persons or corporations who would have taken under such will if said property were part of the estate of such deceased legatee."

When Miss Stanley died she was survived by the following persons: Alix W. Stanley; Mary Peck Stanley, the widow of a brother of the testatrix, Walter H. Stanley; Isabel Stanley, a daughter of Walter H. Stanley; three sons of Walter H. Stanley; five children of Theodore Stanley, a son of Walter H. Stanley who predeceased the testatrix, including Mrs. Katherine Stanley Wells; and descendants of some of these persons. Mary Peck Stanley subsequently died and an action was brought in which we were asked to construe the portions of the will now before us with reference to certain questions which then arose. *Stanley* v. *Stanley,* 108 Conn. 100, 142 Atl. 851. We treated the gift of income to the children of Walter H. Stanley and the issue of any deceased child as a gift to a class; we held that the children of Theodore Stanley were entitled, as legatees under the will, to a share in the income of the trust equal in the aggregate to that of each of the children of Walter H. Stanley who survived the testatrix; and we also held that the share of

the income of the trust given to Mary Peck Stanley became, on her death, a part of the "balance" of the net income distributable to the beneficiaries described in the paragraph. Thereafter the income of the trust was distributed as follows: To Isabel Stanley, the 25 per cent specifically given to her and 15 per cent which she took as one of the children of Walter H. Stanley; to each of his other three surviving children, 15 per cent; and to each of the five children of Theodore Stanley, 3 per cent.

One of the latter, Mrs. Katherine Stanley Wells, died in 1939, leaving surviving her a husband and two sons; and one of the sons of Walter H. Stanley, Mortimer D. Stanley, has also died, leaving a widow and three children. Because of these deaths, other questions as to the meaning and effect of the portion of the will in question have arisen, which are now presented to us. All living persons who might be affected by our decision are parties to the action, and the trial court appointed a guardian ad litem to represent unborn and undetermined persons who might subsequently become interested, although when the court acted the statute authorizing such an appointment in a case of the nature of the one before us had not been enacted. General Statutes, Sup. 1941, § 688f.

The immediate question which obviously confronts the trustees is to whom, in future distributions of the income, they shall pay the shares heretofore paid to Mrs. Wells and Mortimer Stanley, now that they are dead. That inquiry involves the question whether those who became entitled to share in the income immediately after the testatrix' death took a vested alienable and transmissible right to receive the income until the termination of the trust, or, if any of them died during the existence of the trust, their right to receive it terminated and their issue became entitled

to share in the income as legatees under the will. The question is one immediately involved in the present administration of the trust but there is a possibility that unborn persons may have an interest in a determination of the rights involved in our answer. We are also asked to give advice as to the persons to whom the principal should be distributed on the death of Isabel Stanley, and the same possibility exists here, but there is the added consideration that the time to make such a distribution has not yet arrived.

The plaintiff asks us to hold that our decision will be binding upon persons hereafter born because they are virtually represented by living persons who are parties to the action and because a guardian ad litem has been appointed for unborn persons who might have an interest in the questions determined. We have on occasion determined the construction of a will though persons subsequently born might have an interest; Conn. App. Proc., § 128; but we have never held that such persons were concluded by our decision. None of the parties to this action are contesting the claim made by the plaintiff that our decision would be binding upon unborn persons and we are deprived of the aid which would be afforded by an argument against that claim. The case before us does not suggest limitations which ought to be placed upon the application of such a principle. See *Hansberry* v. *Lee,* 311 U. S. 32, 61 Sup. Ct. 115; 85 Law Ed. 11. There is obvious danger in adopting any broad rule upon this subject. Living persons might, for reasons of their own or from mere neglect, let a decision be entered adverse to them in a situation where persons later born would have strong ground and a real interest in securing a different determination of the issues. We do not deem this to be a proper case in which to decide whether

our decision will be binding upon persons subsequently born who might claim an interest in the estate.

Where there is a need to decide as to present rights between living persons, the determination of those rights need not be postponed because later other persons may be born who would be in a position to raise questions necessarily involved in the decision. *Hill* v. *Wright,* 128 Conn. 12, 16, 19, 20 Atl. (2d) 388. As regards the distribution of the fund at the termination of the trust, all living children and issue of Walter H. Stanley are parties to the action. No new rights could arise in his issue, unless, before that termination, a child should be born to one of his now living issue and the parent should die. In view of the advanced age of Isabel Stanley, on whose death the trust will terminate, this seems to be a rather remote possibility. The question asked will certainly arise in the not distant future and will probably entail subsequent litigation. We do not ordinarily answer questions as to rights which will arise only in the future and in the determination of which unborn children might have an interest. *Gorham* v. *Gorham,* 99 Conn. 187, 195, 121 Atl. 349. In this instance, however, in view of the remoteness of the possibility that unborn children will have an interest, the absence of doubt as to the correct answer under our decisions and the desirability of avoiding future litigation, we have decided to consider the questions.

The will was drawn in New York by a New York attorney, and the claim is made that it should be construed according to the law of New York. Ordinarily rights in personal property created by a will are determined by the law of the testator's domicil at his death. *Gillette* v. *Stewart,* 108 Conn. 611, 617, 144 Atl. 461; and see *Mechanics Bank* v. *Yale University,* 111 Conn. 452, 463, 150 Atl. 526. It is true the question here is

not one as to the rights of the parties where there is no question as to the interpretation of the will, but is one as to the principles to be applied in interpreting it. The general rule is that, unless the terms of the will indicate a contrary intention, it is to be interpreted by the law of the state of the testator's domicil. 2 Beale, Conflict of Laws, § 308.1. In *Houghton* v. *Brantingham,* 86 Conn. 630, 638, 86 Atl. 664, a Connecticut citizen executed a will in France which was written in French; we noted that the language used was probably suggested by a French notary; we said that while we should look to the technical meaning of that language as used in France to determine how best to translate it into our own, the will must be interpreted by our law. A testator is presumed to know that rights in personal property under the will, will be determined by the law of his domicil; *Stanley* v. *Stanley,* supra, 109; and it may well be that the attorney who drew the will before us acted in accordance with this principle and not upon the assumption that the law of his own state would govern. There is nothing in the will before us which indicates that the attorney had in mind the law of New York as controlling. The mere fact that the will was drawn there by a lawyer of that state is insufficient to show an intent on the part of the testator that it should be interpreted by the law of that state. The direction that the trustees "pay over" the income to the designated beneficiaries and that the principal "be divided" at the expiration of the trust are natural expressions not uncommon in wills executed in this state. The construction of the will before us is to be determined by our law.

The principle from the New York decisions which is relied upon is that "Where there is no gift but by a direction to executors or trustees to pay or divide, and to

pay at a future time, the vesting in the beneficiary will not take place until that time arrives." *Warner* v. *Durant,* 76 N. Y. 133, 136; *Matter of Crane,* 164 N. Y. 71, 76, 58 N. E. 47; *Matter of Pulis,* 220 N. Y. 196, 204, 115 N. E. 516. In *Dickerson* v. *Sheehy,* 209 N. Y. 592, 103 N. E. 717, Cullen, C. J., in a dissenting opinion remarked that "the rule has many exceptions, and in fact it may be fairly said that it is a rule more honored in the breach than in the observance." One of the exceptions is where there is an immediate gift, as there was in the case before us. *Smith* v. *Edwards,* 88 N. Y. 92, 105. At any rate, the New York rule has been definitely repudiated in this state. *White* v. *Smith,* 87 Conn. 663, 668, 89 Atl. 272.

The children of Walter H. Stanley who survived the testatrix and the issue of his son who predeceased her were to receive a portion of the income from the time of her death. That right vested in them at that time. The claim made in behalf of a later vesting in the issue amounts to this, that the right of each of the beneficiaries which then vested was limited to his or her life and that at his or her death, other rights came into being. This would be to read into the provision a defeasance clause in the nature of a condition subsequent. "The law favors the early vesting of estates, prefers the first to the second taker, and looks with disfavor upon defeasance conditions." *Meriden Trust & Safe Deposit Co.* v. *Squire,* 92 Conn. 440, 449, 103 Atl. 269; *Eaton* v. *Eaton,* 88 Conn. 269, 277, 91 Atl. 191. Nothing in the will suggests any intent to impose the claimed limitation upon the rights arising at the testatrix' death. The testatrix could have had no strong purpose to keep the estate within the family because half of the residue, which comprised the great bulk of her property, was given outright to Alix W. Stanley, who may dispose of it as he wishes; in the

17th article, she provided that if any legatee or devisee named in the will, except the beneficiaries under the trust provision in the 16th article, should die before her, the property they would have taken should go to those who would have received it as a part of his or her estate, and this might involve a disposition by will to entire strangers to her blood. We do not attach importance to the exception in determining the issue before us; its purpose clearly was to prevent the conflict which would have arisen had the 17th article applied to beneficiaries under the trust; under this article, without the exception, had any of those beneficiaries died before the testatrix, their share would have gone to anyone to whom he or she might have bequeathed it by will, or in the absence of a will to those entitled to take by intestate distribution, whereas the scheme of the trust provision was that, in case of such death, the issue of the one dying should take.

With reference to the questions concerning the distribution of the fund at the termination of the trust, there can be no doubt that the children of Walter H. Stanley living at the death of the testatrix and the children of his son who predeceased her took at her death a vested transmissible and alienable estate. *Bridgeport City Trust Co.* v. *Shaw,* 115 Conn. 269, 276, 161 Atl. 341; *New Britain National Bank* v. *Parsons,* 118 Conn. 167, 169, 171 Atl. 1. The only question that can reasonably arise is as to the rights of Isabel Stanley, a daughter of Walter H. Stanley. We have held that, unless a contrary intent appears, a life tenant who comes within the description of a class to whom the remainder interest is given will not be excluded; *Bridgeport City Trust Co.* v. *Shaw,* supra, 274; but that this rule is always subject to the paramount consideration of the testator's intent. *Union*

& *New Haven Trust Co.* v. *Ackerman,* 114 Conn. 152, 161, 158 Atl. 224. The testatrix provided that the balance of the income of the trust after the gifts of one-quarter each to Mary Peck Stanley and Isabel Stanley should be paid to or for the benefit "of the children of my deceased brother Walter H. Stanley, including his daughter Isabel Stanley and the issue of any deceased child per stirpes." In disposing of the principal at the termination of the trust she directed that it be divided equally among "the children of said Walter H. Stanley, including the issue of any deceased child per stirpes." The express inclusion of Isabel Stanley in the first provision and the failure to mention her in the second provision is a clear indication that in the latter the testatrix did not contemplate that she would be included. When the time to distribute the fund comes, Isabel Stanley will be dead, and the testatrix apparently had that fact in mind. Under the terms of the will, the estate of Isabel Stanley will not be entitled to share in the distribution of the principal. It is not necessary to consider the effect of her attempted renunciation of any interest she might have in that principal.

To the first, third and fifth questions, asking as to the rights in the income of the estate, we answer that at the death of the testatrix the children of Walter H. Stanley then living and the children of his son Theodore who was then deceased took a vested interest in the income of the estate which was limited only by the expiration of the trust and was an alienable and transmissible estate. To the sixth, eighth and tenth questions, asking as to the persons entitled to receive the principal at the termination of the trust, we answer that the right to receive it vested at the death of the testatrix in the same persons except Isabel Stanley, who took no interest in it, as a transmissible and

alienable estate, and is to be paid to them or those who legally represent them by inheritance or conveyance. The other questions require no answer in view of the above.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.