On December 9, 1992, the defendant in the above-captioned case filed an application for protection from foreclosure pursuant to Conn. Gen. Statute 49-31d-j.
In its objection thereto, filed on May 14, 1992, the plaintiff sets forth two grounds:
(1) that the defendants did not make the application within 15 days of the return day as required by 49-31e(b); and
(2) that the application was followed by an answer and special defense despite 49-31f(g).
The defendant has argued that the 15 day rule is not mandatory, but even if it were, equity requires the relief sought because the plaintiff made misrepresentations to the defendants with regard to a possible forebearance plan which they believed was akin to the protection available to them under Conn. Gen. Statutes 49-31. These allegations were set forth in connection with the application as well as in the special defenses. CT Page 5447
In Fleet Bank v. Holmes, 5 Conn. L. Rptr. No. 19, 532 (2/24/92), the court, Satter J., when faced with an argument that equity should control and that failure to file the application within 15 days should not bar its consideration stated the following:
 "[O]n the issue of whether or not this court can exercise equity jurisdiction to obviate a statutory precondition to a statutory remedy, the rule is that equity follows the law and `when the claim is a legal claim or when the penalty [or relief] is mandatorily fixed by statute, equity will as a rule apply the requirement of the statute and not release the claimant.' Braithwaite v. Town of Wallingford, [6 CSCR 1104] 5 Conn. L. Rptr. No. 10, 261, 262 (December 16, 1991). The rule also is that when a statute creates a remedy which does not exist in the common law all the statutory requirements must be complied with for the statutory remedy to be granted." Id. at 532-533.
The application for protection statutory scheme was obviously devised, not to benefit the lending institutions but rather to provide, as a matter of public policy, a mechanism to allow a homeowner who has suffered a sudden financial hardship an opportunity to restructure his financial affairs. There are clear interests in allowing borrowers who are in the difficult situation of foreclosure to try to keep their homes while still protecting the lenders' interests in collecting the debt and maintaining their interest in the collateral.[1] And despite the dirth of legislative history of P.A. No. 83-29 and 84-373, it is certain that this statutory creation was devised as protection for the homeowner.
Where legislation is remedial it must be construed liberally. Mack Financial Corp v. Crossley, 209 Conn. 163, 166 (1988). Additionally, consumer protection statutes are not limited by the rule of strict construction for statutes in derogation of the common law. Rhodes v. Hartford, 201 Conn. 89, 95 (1986). This is not as compelling a case for a rule of strict construction as if it arose in the context of a prosecution of a criminal case or where to do so would entirely frustrate its obvious legislative intent. See State v. Kozlowski, 199 Conn. 667 (1986). Nor are the consequences as severe in other instances wherein the court deviated from strict statutory construction because of the remedial nature of the legislation in question. See, e.g., Barrett Builder v. Miller,215 Conn. 316, 323 (1990) (wherein the Court upheld the lower court's granting of a motion for summary judgment against a contractor who sued in quasi contract claiming that such a remedy had not been explicitly precluded by the Home Improvement Act.) Whether the defendants will be able to benefit from the protection afforded under 49-31e remains to be seen. This court is only deciding that they are entitled to apply for it. CT Page 5448
The second argument advanced by plaintiff as to why the defendants should not be allowed to proceed with their application is that they raised special defenses to the complaint. The plaintiff points to 49-31f(g) which states that no homeowner who files a defense to any action from foreclosure shall be eligible to make application for protection from such foreclosure pursuant to the provisions of the section. The defendants involved herein filed special defenses: the first alleges the application for protection; the second alleges misrepresentations to the defendants with regard to a possible forebearance plan upon which the defendants relied, thereby causing them to file their application late; the third alleges that the plaintiff is barred by the doctrine of promissory estoppel; and the fourth alleges that the plaintiff breached its implied covenant of good faith and fair dealing by making representations that lead the defendants to expect a forebearance plan would be proper and which in turn caused defendants to make this application for protection from foreclosure beyond the period prescribed by statute.
None of these allegations contest or challenge in any way the validity of the mortgage transaction itself. Therefore, they are not inconsistent with the purpose of 49-31d, et seq. "to recognize that a valid mortgage transaction occurred . . . [and to] provide[d], as a matter of public policy, a mechanism to allow the homeowners an opportunity to restructure their financial affairs." (Plaintiff's reply dated 6/9/92.)
It is certainly true that a defendant could answer the complaint without raising special defenses and thereby avoid any default. Thereafter, one could amend his answer to include any such special defenses had the application been denied. However, as stated above, the special defenses raised in this case do not arise out of the legal duties and obligations which existed between Dime First Savings Bank and the defendants as a result of the note and mortgage. Therefore, they do not intrude upon the sanctity of those documents directly. As a result, the defendants do not get the unfair advantage of being afforded protection under a document which they also challenge.
Additionally, the special defenses were filed on January 17, 1992, after the motion for protection. Reading 49-31 f(g) literally, the defendants are eligible to file an application because it was filed before the answer. See Bancboston Mortgage Corp. v. McCormick, [7 CSCR 257] 5 Conn. L. Rptr. No. 17, 465-466 (2/10/92).
Therefore, the application for protection should proceed in the normal course of events and plaintiff's objections are overruled. CT Page 5449