[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PROTECTION FROM FORECLOSURE UNDER CONNECTICUT GENERAL STATUTES SECTION 49-31d et seq.
The plaintiff commenced this foreclosure action against the CT Page 9067 defendants on October 27, 1992. The defendant, John O. Breton filed an application for protection from foreclosure dated June 8, 1993, under Connecticut General Statutes Section49-31d et seq. On June 17, 1993 the plaintiff filed an objection to defendant's application claiming that the defendant was not entitled to protection under the Statute, because a prior foreclosure action had been "commenced" against the defendant within the past seven (7) years. Northeast Savings, FA v. Breton, DN CV 89-42558, commenced on May 10, 1989.
The defendant claims the prior foreclosure action does not apply under the Statute, because the plaintiff in the 1989 action allowed the defendant to reinstate the mortgage and the action was withdrawn. The defendant claims that after the reinstatement the mortgage is treated as if there was never a default. The defendant cites no authority for this proposition.
The plaintiff argues that the Statute must be strictly construed. Furthermore, the word "commenced" carries its ordinary meanings. The fact that the prior foreclosure action was not taken to a judgment, does not mean that it was not "commenced."
This court agrees with the plaintiff, therefore, its objection is sustained and the defendant's application for protection from foreclosure under 49-31d et seq. is denied.
Facts
The parties in this case agree on the basic facts:
 1. Plaintiff filed this foreclosure action against the defendant on October 27, 1992;
 2. This same plaintiff filed a foreclosure action against this same defendant on May 10, 1989, within the past seven (7) years;
3. The mortgage being foreclosed is the same;
 4. After the 1989 action was commenced, the plaintiff allowed the defendant to reinstate the mortgage, therefore, the earlier action never went to judgment.
This court has not been asked to consider the issues of whether or not the defendant qualifies under the Statute as an CT Page 9068 unemployed/under-employed person. The court will assume, for purposes of this decision, that the defendant falls within the protected class under the statute.
Issue
The sole question asked of this court is whether or not the commencement of a prior foreclosure action disqualifies the defendant from eligibility under the Statute, if the defendant reinstated the mortgage during the prior action.
Law
The defendant cites the case of Dime Savings Bank of New York v. Romano, Judicial District of Fairfield, at Bridgeport, DN CV 91-284925, 7 CSCR 890 (June 17, 1992) Katz, J.), in support of his proposition that this statute should be liberally construed in favor of the mortgagor. A review of that decision, however, indicates that the alleged defects in the defendant's application were procedural in nature. The claims raised were: (1) that the defendant failed to file within 15 days of filing an answer, and (2) that he raised special defenses, which were not permitted under the Statute.
The court in the Dime Savings Bank case held that the consequences of allowing the application to be filed were not severe and the time violation was relatively minor. In fact the court indicated that the application may have been timely filed, since it was filed before the answer.
The court also noted that the defendant's special defenses did not attempt to attack the mortgage itself. Rather, the defenses related more to the alleged conduct of the plaintiff, after the collection process had begun. The court ruled that these types of defenses are not inconsistent with the purpose of Connecticut General Statutes Section 49-31d, et seq.
In this instant case, the objection is based on the defendant's ineligibility under the Statute, because of a prior foreclosure action having been commenced.
This type of issue is substantive under the Statute. For issues of this nature, the Statute must be strictly construed. Roto-Rooter Services Co. v. Department of Labor, 219 Conn. 520, 525 (1991). CT Page 9069
In this case, a prior foreclosure action was "commenced." There is nothing in the Statute to indicate that if a plaintiff allows a defendant to reinstate a mortgage that the foreclosure action is treated as never having been filed. If that were the case, plaintiff's would never willingly agree to a reinstatement of a mortgage. "Commenced" would have its ordinary meaning, viz: "begun." The 1989 foreclosure action was "begun."
The decision in this case is consistent with the two trial court decisions, on point, found by this court. Neither party cited any cases, other than Dime Savings, supra. The other two decisions on point are, Citicorp Mortgage Inc. v. Moore, CV 91-36469, Judicial District Ansonia/Milford at Milford (March 1, 1993) (Curran, J.) and Torrington Savings Bank v. Hanley, DN 56764 Judicial District of Litchfield November 19, 1991) (Pickett, J.).
Once a foreclosure has been commenced within seven years, it will be a bar to subsequent restructuring under the Statute (Connecticut General Statutes Section 49-31d et seq.). This holds true even if the earlier foreclosure was resolved in favor of the homeowner CT Page 9070 by reinstatement, refinance or sale. Caron, Connecticut Foreclosures (2nd ed.) 15.03, p. 230.
Accordingly, plaintiff's objection to defendant's Application for Protection under Connecticut General Statutes Section 49-31d, et. seq. is sustained. Defendant's application is denied based upon a prior foreclosure having been commenced within seven years. (Connecticut General Statutes Section 49-31f(a)(2).
Kaplan, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9074