[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant Knutson Mortgage Corporation, is a mortgage company authorized to transact business within the State of Connecticut. The plaintiff Gerald Traunig is an individual currently residing in Wethersfield, Connecticut on property secured by a note and mortgage held by the defendant. The plaintiff defaulted on the note in March of 1994 and Knutson commenced an action in January 1995 to foreclose upon the plaintiff's home. On or about June 24, 1995, the plaintiff Traunig filed an action against the defendant Knutson alleging that the defendant was negligent in failing to promptly respond to plaintiff's inquiries regarding his difficulties in making the mortgage payments and a possible revised payment schedule. The plaintiff seeks damages for physical and emotional distress and legal expenses.
The defendant Knutson moves for dismissal of plaintiff's complaint on three grounds: (1) the doctrine of res judicata; (2) the prior pending action doctrine; and (3) Connecticut General Statutes § 49-31f.
 I
"Res judicata is not included among the permissible grounds on which to base a motion to dismiss." Zizka v.Water Pollution Control Authority, 195 Conn. 682, 687
(1985). Therefore, this argument of the defendant's is not properly raised at this juncture.
 II
The defendant Knutson next claims that the instant action is barred by the prior pending action doctrine. Knutson contends that while Traunig did not formally file an answer or counterclaim, there are several allegations of conduct in the foreclosure action attributed to the mortgage company which resemble a claim, special defenses or a set-off. Knutson claims that Traunig sought to restructure his debt in the foreclosure action and that the same issue of his underlying indebtedness is at issue in the instant case.
"It has long been the rule that when two separate lawsuits are `virtually alike' the second is amenable to CT Page 11938 dismissal by the court." Beaudoin v. Town Oil Co.,207 Conn. 575, 583 (1988) quoting Henry F. Raab Connecticut,Inc. v. J.W. Fisher Co., 183 Conn. 108, 112 (1981). "We must examine the pleadings to ascertain whether the actions are `virtually alike.'" Beaudoin, 207 Conn. at 583 quotingHalpern v. Board of Education, 196 Conn. 647, 652 (1981). The pleadings, however, demonstrate that the prior action was a foreclosure in which Traunig sought to restructure his debt while the instant action alleges negligence relating to the inaction of the mortgage company. "The rule permitting dismissal of an action because of a prior pending action does not apply when the two actions are for different purposes or ends, or where they involve different issues." Fishman v. Middlesex Mutual Assurance Co.,4 Conn. App. 339, 347-48 (1986). While these two cases share some similar allegations, the foreclosure action clearly involves different issues and serves a different purpose from that of the negligence action. Therefore, the prior pending action doctrine cannot serve as a basis for dismissal of this case.
 III
Lastly the defendant claims that the maintenance of the instant action is in direct contravention of Connecticut General Statutes 49-31f(g) which provides:
 No homeowner who files a defense to any action for foreclosure shall be eligible to make application for protection from such foreclosure pursuant to the provisions of this section. Conn. General Statutes § 49-31f(g).
The defendant claims that the instant action is an attempt to circumvent the requirement of § 49-31f(g) that no defenses can be filed in an action where an application for protection has been filed. The defendant asserts that plaintiff seeks to preserve his claims by means of the allegations contained in the instant action. However, a review of the case law reveals that General Statutes §49-31f(g) has been interpreted to allow defenses to a foreclosure action in which an application for protection has been filed provided that such defenses are asserted after the CT Page 11939 application has been filed. Dime Savings Bank of New York v.Romano, 6 Conn. L. Rptr. 585, 7 CSCR 890, 891, (August 3, 1992);Bancboston Mortgage Corp. v. McCormic, 5 Conn. L. Rptr 465,7 CSCR 257 (February 24, 1992). Under such an interpretation, the statute would not bar an entirely separate action where an application for protection had previously been filed in the foreclosure action. Therefore, § 49-31f(g) does not deprive Traunig of the right to bring the instant action while also seeking protection from foreclosure.
For these reasons, the motion to dismiss is hereby denied.