MINNIE SPITZ, EDWARD SPITZ, HENRY SPITZ, MILTON SPITZ and JEROME SPITZ, complainants-respondents,

*v.*

PHILIP DIMOND, defendant-appellant.

[Submitted October 21st, 1941. Decided January 29th, 1942.]

*Mr. Randal B. Lewis* (*Mr. Edward A. Markley* and *Mr. Raymond J. Lamb,* of counsel), for the complainants-respondents.

*Messrs. Walscheid & Rosenkranz* (*Mr. J. Emil Walscheid,* of counsel), for the defendant-appellant.

The opinion of the court was delivered by

COLIE, J.

This appeal is from an order denying defendant's motion to dismiss an amended bill of complaint. The bill in its first four counts sets forth that one Louis Spitz died in 1929, leaving a last will and testament by which he put the residue of his estate in trust to be divided, both as to income and principal, among his widow, Minnie Spitz, and his four sons, Edward, Henry, Milton and Jerome, who are the complainants. The will appointed as executors the widow, Minnie Spitz, a brother, Jacob Spitz, and a friend and business associate, Philip Dimond, all of whom qualified. The bill then recites that Dimond was the "directing executor," that he fraudulently acquired, in his own name, a large block of stock in a corporation, which block of stock was the most valuable single asset of the estate; that he unlawfully and negligently failed to sell certain assets and liquidate the debts of the estate, but instead chose to speculate on the trend of the market, whereby a heavy loss resulted to the estate; that he illegally participated in a stock trading agreement, having as its object the manipulation of value of another large block of stock held by the estate, and, as a result of such participation, the estate suffered a loss of approximately a quarter of a million dollars; that he negligently failed to liquidate the marketable securities of the estate and that such failure resulted in a loss of one and a half million dollars.

It is asserted that the present complainants have no standing to file a bill but that the proper parties complainant are the personal representatives of the estate. Reliance for this argument is based upon the statement in *Buchanan* v. *Buchanan, 75 N. J. Eq. 274,* that "heirs, next of kin and

creditors cannot, in their own names, prosecute actions at law or suits in equity to recover the unadministered estate of a decedent or to collect debts or other choses in action due him. Such suits can be maintained only by the qualified personal representatives of the deceased."

In the *Buchanan Case,* the court did not dismiss the bill of complaint. It retained it and afforded the complainants an opportunity to have an administrator appointed who, under the quoted rule, might litigate the questions at issue. Pending such action the court gave complainants leave to amend their bill in a manner to preserve the subject-matter until the suggested procedure was followed. It is established practice in a court of equity to hold a bill pending the addition of new parties thereto. *Plumley* v. *Plumley, 8 N. J. Eq. 511; Broad Street National Bank* v. *Holden, 109 N. J. Eq. 253.*

The court below said "that Minnie Spitz and Jacob Spitz, as co-executors and trustees with the defendant, are not necessary parties to this proceeding." With this statement we cannot agree. Whenever the handling of trust funds is called in question, all trustees and all *cestuis que trust* should be parties to the suit so as to minimize future litigation and assure that all parties interested in the subject-matter will be bound by the decree. *Cf. Speakman* v. *Tatem, 45 N. J. Eq. 388; Callahan* v. *Federal Trust Co., 126 N. J. Eq. 311; Bogert, Trusts and Trustees 1873* § *593.*

It may develop on final hearing that there exists a right of contribution as between the three co-executors in which event there exists an added reason for joining all the co-executors to the end that the court may do complete justice by adjusting the liabilities between them and perhaps obviating further proceedings and a multiplicity of suits. *Cf. Perry on Trusts* § *876; Pom. Eq. Jur. (4th ed.) 2485* § *1081.* An enlightened procedure calls for the settling of as many issues in one suit as is compatible with an orderly administration of legal and equitable principles. In *Callahan* v. *Federal Trust Co., supra,* we held that when equity undertakes to settle a question at issue, it should bring before it, as parties, all persons necessary to effectually and permanently accomplish that end.

It is further asserted that the fifth and sixth counts in the bill of complaint do not set forth causes of action cognizable in equity. We do not pass upon this point, being of the opinion that justice and equity will be best served by leaving the decision thereon to the Court of Chancery since the facts upon which the fifth and sixth causes of action are based appear closely bound up with the administration of the trust estate.

The cause is remanded to the court below, there to be treated consistently with this opinion.

*To remand*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.