Andrew B. Anderson et al., Appellants, v. N. Manley Elliott, Sidney H. Koch, and Mitchell M. Leon, Appellees.

Gen. No. 46,146.

■■■■■

Opinion filed March 2, 1954. Rehearing denied March 16, 1954. Released for publication March 23, 1954.

FREDERICK J. BERTRAM, and JOHN E. ERICKSON, both of Chicago, for appellants.

ANDERSON & ROCHE, THEODORE L. FORSBERG, DOTY & JOHNSON, and SEYMOUR J. LAYFER, all of Chicago, for appellees; C. HILDING ANDERSON, and SEYMOUR J. LAYFER, both of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This case comes to us upon the complaint, motion to dismiss, supported by affidavit, and reply thereto, supported by counter-affidavit. The essence of the complaint is that defendants conspired to defraud plaintiffs, former holders of certain certificates of beneficial interest in the now defunct Byron Apartments Liquidation Trust, by selling the trust property for $2,000 less than could have been obtained for it. Plaintiffs also seek to have defendant Koch account for and return to the trust estate the sum of $2,175 which he was paid as a commission. The chancellor sustained defendants' motion and dismissed the complaint.

Defendants are the former successor-trustee of the trust real estate, Dr. N. Manley Elliott; the real estate commission broker, Sidney H. Koch; and the purchaser of the trust real estate, Mitchell M. Leon. The property involved is not large and was held in trust for the benefit of a considerable number of small certificate holders, among whom were the eleven plaintiffs. It appears that the trust was about to expire and that the trustee and managers were concerned about what might then happen, such as a complicated and expensive partition suit resulting in a public sale, and they undertook to solicit offers for the purchase of the property. One offer of $42,500 was submitted to and rejected by action of the certificate holders, pursuant to the provisions of the trust agreement. The trust managers called a meeting of the certificate holders to determine their wishes. A

450

majority of them then and there determined that the trustee should endeavor to secure the best price obtainable. Immediately thereafter, Elliott, as trustee, solicited and received several offers from various real estate men, none of which, however, was as advantageous as that already rejected by the certificate holders.

On March 8, 1949, about two weeks before the trust was to expire, one of the defendants, Mitchell M. Leon, submitted a written offer of $42,500, deposited therewith $2,500 as earnest money, recognized the right of the certificate holders of thirty-five per cent or more of the outstanding units of record to reject the offer by filing written dissents or objections thereto, and reserved the right, upon five days' notice given him by the trustee, to meet any offer higher by $1,000 or multiples thereof, which the trustee might receive within twenty days from March 9th. On March 9, the trustee and managers by mail notified the certificate holders of this offer and of all terms and conditions thereof, as provided for in the trust agreement. It does not appear that any certificate holder objected to the proposed sale by filing with the trustee within twenty days his or her written dissent or objection.

On March 25, however, one Krogh, who apparently has never himself appeared in person, offered to pay $44,500 for the property and reserved the right to meet any higher offer by Leon. This offer Leon met. The trustee then attempted to arrange a meeting for the purpose of permitting Krogh and Leon to bid against one another. Erickson, one of the plaintiffs here and attorney also for the other plaintiffs, appeared at the meeting on behalf of Krogh. Leon, apparently having determined that he had the basis for a valid contract, notified the trustee that he did not propose to embark upon a "bidding contest," and filed suit against the

trustee and managers for specific performance. Shortly thereafter, Krogh, through his attorney Erickson, increased the offer to $45,500.

On May 18, 1949, the day of the hearing on the motion filed by the trustee and managers to strike the complaint for specific performance, one Hane, operating as the Hane Realty Company and specified in Krogh's offers as the person to whom payment of a 5% broker's commission by the trust was to be made, appeared in court and denied under oath that he had found a buyer for the property or that he expected any commission or, apparently, that he even knew Krogh or had ever heard of anyone by that name. Krogh had as yet made no appearance. The motion to strike the complaint as amended, to include an additional count charging Krogh with bad faith, was sustained and leave granted the trustee to file a counterclaim for instructions. The counterclaim named Leon and Krogh as defendants; set out that the trust agreement had expired by its own terms; that there were two bidders for the property; the nature and amount of the bids; that the trustee desired to secure the most advantageous price for the certificate holders; and prayed that the court direct him in the premises. On May 25, 1949, after a hearing upon the counterclaim, the court entered an order directing the trustee to convey the trust real estate to Leon for $43,500 and to return Krogh's deposit to Erickson, attorney for Krogh. Thereafter, with the consent and under the direction of the trust managers, the trustee conveyed the property to Leon for $43,500, requested and received surrender of the certificates from all certificate holders, cancelled said certificates, and distributed the net proceeds of the sale to all certificate holders.

In 1950 a suit similar to the instant case was filed by plaintiffs and was dismissed for want of prosecution. In 1952, the instant suit was filed. The issue raised by

the affidavits in support of and against defendants' motion to dismiss plaintiffs' complaint, and the question we are called upon to decide in order to dispose of the entire cause, is whether plaintiffs, as *cestuis que trustent,* are bound by the chancellor's order entered May 25, 1949, directing the trustee to sell the property to Leon for $43,500.

 As a general rule, all parties interested, which would include *cestuis que trustent,* are necessary parties in suits by or against a trustee relating to the trust or its property. *White v. Macqueen,* 360 Ill. 236, 243. However, because of the existence of numerous and varied instances of exception, it has been said that "whether beneficiaries should be made parties to a suit affecting the trust rests in the sound discretion of the court, and depends upon the facts and circumstances of each case" (*Rothbart v. Metropolitan Trust Co.,* 307 Ill. App. 271, 279–80) and that "in general a trustee represents his *cestuis que trustent* in actions to which he is a party." *Campbell v. Albers,* 313 Ill. App. 152, 167.

 In any event, there are two well established exceptions to the general rule that the *cestuis que trustent* are necessary parties in actions by or against a trustee relating to the trust or its property. The first is where the absent parties are properly represented. When, in such case, the trustee is made party to a suit affecting the *cestuis'* interest, the latter are as much bound by the decree rendered in the suit as if they were individually made parties thereto, for the reason that their interests receive actual and efficient protection. *White v. Macqueen, supra.* Thus, for example, where the trustee is authorized to act in some appropriate and particular manner with regard to the legal title, the *cestuis* are not necessary parties. *Kerrison v. Stewart,* 93 U. S. 155, 160; *Manson v. Duncanson,* 166 U. S. 533, 543; *Colorado & Southern Ry. Co. v. Blair,* 214

N. Y. 497, 513–4. Where, for example, the litigation does not concern the rights of the trustee and the *cestuis*, as between themselves, in any way, the *cestuis* are not necessary parties. *Wollenberger v. Hoover*, 346 Ill. 511, 576; *Campbell v. Albers, supra; Matter of Estate of Straut*, 126 N. Y. 201, 212; *Colorado & Southern Ry. Co. v. Blair, supra.* The second exception to the general rule arises where the beneficiaries are very numerous, so that the delay and expense of bringing them in becomes oppressive and burdensome. In such case they will not be deemed necessary parties where the trustee representing them is made a party. *White v. Macqueen, supra.*

 The instant case comes within both exceptions. Unless, therefore, the charges of collusion and fraud against defendants can be supported by some fact or facts alleged in the complaint, plaintiffs are bound by the prior decree. *Kerrison v. Stewart, supra; Manson v. Duncanson, supra; Dean v. Kellogg*, 394 Ill. 495.

The complaint and reply affidavit allege no material fact not disclosed to or before the court in the former suit. That court resolved the trustee's dilemma respecting the possibility of future personal liability to Leon, Krogh, or the *cestuis* by granting the trustee leave to file a counterclaim for instructions, by hearing the several parties and, after considering all the facts and circumstances, by directing the trustee to convey and sell the property to Leon for $43,500, to which Leon agreed and which he paid. We cannot find that under these circumstances a trustee, who from the pleadings and facts exhibited the highest good faith and earnestly desired to discharge his full duty, should now be penalized for complying with the court's order.

 It is alleged in the complaint that defendants conspired to pay an "alleged real estate commission to the said Sidney H. Koch, who was not then a

454

licensed real estate broker in the City of Chicago . . . and who was in no way entitled to receive a real estate commission . . . ." The charge that Koch was not a licensed broker is made by way of recital and nowhere is it stated that the trustee and managers knew that he was not licensed. Plaintiffs seek a discovery regarding the status of Koch as a real estate broker and an accounting and money decree. While it is true that an agent who is not licensed cannot recover a real estate commission for procuring a purchaser, plaintiffs' briefs do not discuss the question whether such commission, having once been paid for services rendered, can be recovered. That point is not argued.

The circuit court properly entered the order sustaining defendants' motion to dismiss and dismissing plaintiffs' complaint.

*Order affirmed.*

Tuohy and Robson, JJ., concur.