George C. MATTHIES, Plaintiff-Appellee,

v.

SEYMOUR MANUFACTURING COMPANY et al., Defendants-Appellants.

George C. MATTHIES, Plaintiff-Appellee,

v.

Earl B. BOIES et al., Defendants-Appellants (two cases).

Nos. 284–285, 321, Dockets 25524, 25525, 25577.

United States Court of Appeals Second Circuit.

Argued and Submitted April 7, 1959.

Decided Sept. 9, 1959.

Waterman, Circuit Judge, dissented in part.

Joseph P. Cooney, Hartford, Conn., for defendant-appellant Seymour Mfg. Co.

William H. Timbers, Darien, Conn., and James William Moore, New Haven, Conn. (Howard P. Fink, Rochester, N. Y., Barry H. Garfinkel, New York City, Robert T. Gilhuly, Fairfield, Conn., John F. Spindler, Stamford, Conn., and William Van Dercreek, Dallas, Tex., on the brief), for defendants-appellants Earl B. Boies, H. George Carroll, Raymond E. Hackett and Francis P. Schiaroli.

John K. Holbrook, New Haven, Conn. (William E. Mills, Jr., New York City, on the brief), for defendants-appellants Janet Pouch Redmond and Louise Jerome McMillan.

Jacob D. Zeldes, Bridgeport, Conn. (David Goldstein, Bridgeport, Conn., on the brief), for defendant-appellant H. Meade Alcorn, Jr.

John S. Barton, Bridgeport, Conn., and Robert M. Fitzgerald, Litchfield, Conn. (Leo V. Gaffney, New Britain, Conn., John P. Hodgson, Curtis V. Titus and A. Reynolds Gordon, Bridgeport, Conn., on the brief), for plaintiff-appellee George C. Matthies.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

These are consolidated appeals, permitted by us under 28 U.S.C. § 1292(b), from the Connecticut District Court's denial of motions to dismiss a class action against the present and former

trustees of two Connecticut trusts and the attorneys who rendered services to the trusts, and to dismiss a derivative action against the directors of several related corporations whose stock was held by the trusts. Judge Smith sustained the actions against a variety of attacks upon jurisdiction of the parties and subject matter as well as against claims of collusion to create federal jurisdiction, but in the view we take of these cases the question determining our decision is whether George Matthies, the only named plaintiff in each action, was properly regarded as entitled to maintain class actions on behalf of the beneficiaries of both trusts.

■■ We hold that the class of beneficiaries of these trusts is so small and so readily available for actual joinder that the maintenance of a representative action is not justified under the provisions of Rule 23(e) of the Federal Rules of Civil Procedure as to numerosity and impracticability,[1] Because we also hold that the actual or representative joinder of all the beneficiaries of these trusts was required by the nature of the dominant claims asserted in the complaints, and because it appears from the record that the joinder of any other beneficiary as a party plaintiff will destroy the requisite diversity of citizenship, we reverse the orders of the district court in both actions and order the actions dismissed.

The relevant facts are fully and fairly stated in the opinion below, D.C.D.Conn. 1958, 23 F.R.D. 64, and accordingly we repeat only those which are essential to our disposition.

Both of the trusts concerned in these actions are testamentary trusts administered in Connecticut. They were created by the wills of a husband and wife, George E. and Annie W. Matthies, whose wills were probated in 1922 and 1939 respectively. The trusts will hereafter be referred to as the George and Annie trusts. The trusts are subject to the jurisdiction of the probate courts of Connecticut, where annual accountings have regularly been had in the Probate Court of Derby, Connecticut.[2]

For purposes of this decision the following summary of facts regarding these trusts is sufficient. Under the provisions of the George trust, Bernard and Katherine, the children of George and Annie, and the father and aunt of the plaintiff, are life tenants, and their lineals are remaindermen. Under the basic provisions of the Annie trust the same is true, except that in default of lineals of either at the death of the surviving life tenant, Annie's trust provides for a remainder to her "next of kin then surviving."

1. Rule 23(a), Federal Rules of Civil Procedure, 28 U.S.C., in relevant part provides:

 "(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

 "(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it; * * *."

2. These trusts and the corporations whose stock they hold have been and are the subject of numerous actions. There are presently pending in the Connecticut Superior Court appeals by certain beneficiaries from the probate court's approval of the 1957 accounts of the trustees of both trusts. Trust actions essentially the same as the instant ones were commenced by Bernard Matthies and his children in the Connecticut Superior Court, but were withdrawn on November 7, 1957 and June 2, 1958. The trustees commenced an action in the same court for declaratory relief and will construction, but this action was enjoined by the district court after it sustained federal jurisdiction in these cases. An appeal from that injunction is pending here and is disposed of herewith. Two related actions concerning management of the Seymour Manufacturing Co. are also pending in the superior court.

Katherine, a life tenant, is childless and unmarried. Bernard, the other life tenant, is married and has five children, who in turn have a total of seven minor children. Annie's sister, Ruth Wooster, is still living and her deceased sister, Clara Wooster Merrill, is survived by two children, four grandchildren, and thirteen great-grandchildren, so that there are twenty living persons, some of whom, as the district court stated, may ultimately be ascertained to have a remote contingent remainder interest in the trust under the limitation to next of kin.

The gist of the trust action is to achieve (1) removal of the present trustees, (2) appointment of a temporary receiver, (3) appointment of new trustees, (4) accounting by the trustees and others who allegedly participated with them in frauds upon the beneficiaries, (5) injunctive relief against the employment by trustees of allegedly fraudulently procured decrees of the probate court approving their annual accountings, (6) declaration of constructive trusts as to property allegedly misappropriated by former trustees, (7) restoration to the trusts of property wrongfully transferred therefrom, and (8) general equitable relief.

In the derivative action on behalf of the Seymour Manufacturing Co., a Connecticut corporation, much of whose stock is held by the trusts, the complaint alleges a conspiracy among certain of the defendants including the trustees, who are also directors and who also hold stock individually, to defraud Seymour and a subsidiary Delaware corporation dissolved in 1957, Batiscan Corp.[3] The primary relief sought is a money judgment of $7,500,000.

The plaintiff, George C. Matthies, is a citizen of California. He is a son of Bernard, a life tenant and a nephew of Katherine, the other life tenant. All other actual or possible beneficiaries of the George trust are citizens of Connect-icut except plaintiff's minor daughter. As to the Annie trust, all potential plaintiffs are Connecticut citizens again excepting the plaintiff's minor daughter and the members of the Merrill line. The defendant trustees and attorneys are, with one exception, citizens of Connecticut.

### The Trust Action

We turn at once to the matter which we hold to be dispositive of the entire appeal, namely, whether this action may be maintained as a class action on behalf of the beneficiaries of the Annie Matthies and George Matthies trusts.

If such a representative action is inappropriate, then the result must be that the action is not maintainable at all in a federal court, since at least some of the other beneficiaries of each trust would then have to be joined, and because the record discloses that the joinder of any of them except plaintiff's California daughter would destroy complete diversity. Strawbridge v. Curtiss, 1806, 3 Cranch 267, 2 L.Ed. 435.

Defendants contend as to the action on behalf of the beneficiaries of the Annie trust that the descendants of Clara Wooster Merrill, the deceased sister of Annie, are not and cannot be beneficiaries of the trust. They claim that as a matter of Connecticut law the Merrills have no interest whatsoever because the class of "next of kin" of Annie must be determined as of the time of the death of Annie (excluding prior takers under the will, in this case Annie's son and daughter, Bernard and Katherine, who are the life tenants) and for the Merrills to be of that class Annie's death would have to occur when Clara was still alive, and that the gift to Clara, Annie's deceased sister, has failed by virtue of her death. Plaintiffs contend however that under Connecticut law the next of kin under Annie's will would not be determined until the death of the survivor of the life tenants, so that Ruth Wooster and the Merrills are persons who may ultimately

---

**3.** Judge Smith sustained a motion to dismiss against the Seymour Corporation of Delaware, and there is no appeal before us from that dismissal.

be determined to be contingent remaindermen.

■ Judge Smith determined this question in plaintiff's favor, and we think that he was correct. See Union & New Haven Trust Co. v. Ackerman, 1932, 114 Conn. 152, 160, 158 A. 224. But at most, the conclusion of a federal court on a question such as this can only be a prediction of what the Connecticut courts would do if the question of the interest possessed by the Merrills must ultimately be decided. See New Britain Trust Co. v. Stanley, 1941, 128 Conn. 386, 23 A.2d 142. For present purposes it is enough to justify the inclusion of the Merrills among the potential beneficiaries of the Annie trust that there is a very substantial likelihood that the Connecticut courts would hold that they have the interest which the plaintiff now asserts for them. The essential purpose of the applicable rule which the district court properly followed requires all the beneficiaries of a trust to be joined in an action by any one of them against the trustees to restore the corpus of the trust, see e. g., Franz v. Buder, 8 Cir., 1926, 11 F.2d 854, certiorari denied 1927, 273 U.S. 756, 47 S.Ct. 459, 71 L.Ed. 876; Young v. Powell, 5 Cir., 179 F.2d 147, certiorari denied 1950, 339 U.S. 948, 70 S.Ct. 804, 94 L.Ed. 1362, in order to avoid the unfair repetition of actions against the defendant trustees which could result from individual relitigation by each successive beneficiary if the first plaintiff lost. See Note, 71 Harv.L.Rev. 874, 881 & nn. 27, 32 (1958). It is consistent with this purpose to consider the Merrills as potential next of kin under Annie's will in the circumstances of this case.

Defendants assert here, as they did below, that even if under Annie's disposition the Merrills are potentially beneficiaries of the trust, they now have at most an expectation of becoming members of the class of "next of kin" which is now a class of unascertained persons, when its membership is ascertained upon the termination of the second life estate without lineal descendants of either life tenant, and that therefore it was improper for Judge Smith to have counted the Merrills and Ruth Wooster, Annie's surviving sister, individually for purposes of deciding whether the action meets the numerosity and impracticability requirements of Rule 23(a). The defendants assert that there was no need to resort to a class action: that the potential members of the class of next of kin could and should have been considered separately from the class action; that they could and should have been "virtually" represented by one of their number, Restatement of Property § 181 (Supp. 1948) and that Judge Smith should therefore have found that the class contained at most fifteen persons.

Judge Smith rejected this contention, holding as plaintiff urges, that since the defendants' argument that the Merrills can be virtually represented concedes that they ought to be represented in one way or another, they may therefore be counted as members of the class in determining numerosity and impracticability under Rule 23(a). We do not agree.

■ The fundamental error of plaintiff's reasoning is that he assumes that merely because it is appropriate that a person be represented, it is therefore appropriate that he be counted in determining the size of the class to decide the propriety of an action under Rule 23(a). We hold that those persons whose joinder would in no event be required in the absence of a class action may not be so counted, and that on such a standard the Merrills and Ruth Wooster ought not to have been individually counted.

■ One of the essential criteria governing the propriety of a class action, and one of the safeguards against its indiscriminate use to avoid joinder, is that the membership of the class be so numerous as to make it impracticable for the plaintiff to bring all before the court. The rule we adopt is, as defendants correctly contend, a necessary corollary of this requirement and the safeguard it represents.

■■ It is the essential hypothesis of virtual representation as it would be

applicable here, that in no event would the plaintiff be required to join as individuals all persons who may some day be ascertained as interest holders. The propriety of virtual representation thus depends not upon the determination that there is a large number of persons whose presence is required, but that not all or any of the members of the group can now be ascertained and therefore the group must of necessity appear by representation if it is to appear at all. The representative joinder of such potential plaintiffs by virtual representation reflects the fact that as individuals they are not in fact beneficiaries; that at the time of the litigation no one or more of them can be said to have an interest under the limitation to next of kin. Thus the rule permitting such joinder represents an adjustment of the rule requiring individual joinder of all beneficiaries so as to conclude and protect their interests to reflect the fact that there are no presently ascertainable individuals who have an interest under the relevant limitation. Cf. Baird v. People's Bank & Trust Co., Ch. 1943, 133 N.J.Eq. 561, 33 A.2d 745. The result is a modification of the rules of joinder, by reason of which the plaintiff-beneficiary is relieved of the necessity of attempting the otherwise impossible task of actually joining all members of a group as yet unascertained, and is allowed instead to join one as the representative of the group. Such a modification of the rule requiring actual joinder must be taken into account in determining the propriety of a class action.[4] We accept the plaintiff's contention that the group of next of kin ought to be represented in the trust action. But with or without Rule 23(a) (1) this can only be accomplished by virtual representation, since the membership of the group is as yet undeterminable. Thus, one of the

group as defined in § 181 of the Restatement, supra, could have been included in lieu of all, and one only should be counted for purposes of the numerosity requirement of Rule 23(a) (1).

We are aware that decision of this issue raises the question of choice of the governing law if the doctrine of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231, is rendered applicable by the possible substantial nature of the determination of the need for joinder under Rule 19(a). See Kroese v. General Steel Castings Corp., 3 Cir., 179 F.2d 760, 761 and note 1, 15 A.L.R.2d 1117, certiorari denied 1950, 339 U.S. 983, 70 S.Ct. 1026, 94 L.Ed. 1386. However, we pass the question here because we find that whether federal or Connecticut law is applicable, the result would be the same. There are no guides to decision of this question in Connecticut cases because from an early date there has been a Connecticut statute providing for representation of these very interests by a guardian *ad litem* appointed by the probate court or, more recently, the superior court. Conn.Gen.Stats. § 45–54 (Rev. 1958).[4a] Although for some time the appointment of such a guardian has been discretionary, we have found no case in which such appointment was not made. Consequently the question of necessary joinder seems not to have been raised. But in New Britain Trust Co. v. Stanley, 1941, 128 Conn. 386, 23 A.2d 142, 144, it is noted that, without a prospective decision as to binding effect, decisions affecting the interest of unascertained persons have been rendered by the Connecticut courts in their absence. And the opinion strongly implies that the extent of the binding effect of such de-

**4.** For a useful collection of cases concerning virtual representation see Roberts, Virtual Representation, 30 Ill.L.Rev. 580, 582–3 & nn. 7 and 8 (1936).

**4a.** One Harold Drew has for long served as guardian *ad litem* of unborn and unascertained interests under both these

trusts by appointment of the probate court, and was joined by the plaintiffs in lieu of the persons he represents in both of the actions concerning these trusts which were initiated and then dismissed in the Connecticut Superior Court, see fn. 2, supra.

**372**

cisions would turn, as the plaintiff there urged, on the elements of the doctrine of virtual representation.

Nor, as we have said, would we adopt the plaintiff's contention as federal law, since the result would be substantial disregard of the numerosity and impracticability safeguards of Rule 23(a), which have, from the prestatutory origins of the rule, been an essential protection of the historic right of each litigant not to be foreclosed until he has had his day in court. The plaintiff would be able, by merely pointing to innumerable interested persons whose joinder would in no event be required, to avoid the obligation to join those whose joinder, under traditional equitable doctrines governing parties, see Rule 19(a), Federal Rules of Civil Procedure, is essential.

We have thus far referred to Ruth Wooster and the Merrills as if they and their lineals were all possible next of kin, and indeed so far as the record reveals this is the case. But it is apparent on the face of the limitation to "next of kin" that if Ruth Wooster and the Merrill line die without lineals before the death of the life tenants without lineals the next of kin of Annie would then be other of her remote collateral relatives. Plaintiff would have us assume that although the remote contingency required to give the next of kin any vested interest will occur, the death of the sisters of Annie and all their lineals will not, so that we then may consider only the twenty persons he names. But if they are to be counted as individuals in deciding the numerosity of the class, so ought every relative of Annie now living who could possibly take as "next of kin." This is of course but a practical demonstration of the impropriety of including in the number of the class all conceivable but as yet entirely unascertained takers under the limitation.

Of course Judge Smith was correct in holding that if the plaintiff can represent the class, he can represent the unascertained contingent remainder interest, and that the result in an action by him would therefore normally bind all possible takers under the limitation to next of kin. But here we are concerned with the preliminary question whether the plaintiff can represent a class at all, and as to that determination the Merrills and Ruth Wooster should not have been counted as individuals.

■ As to the George trust action, it is conceded that there are at most fourteen persons whose joinder would be required in the absence of a class action, the two life tenants, five presumptive remaindermen, and seven minor children of the presumptives. In the Annie trust action there would be one, or at most three additional persons. Restatement of Property § 181 (Supp.1948). We are therefore confronted with the final phase of the preliminary question whether either class is sufficiently numerous to justify the class action, taking into account that all members are citizens of Connecticut except plaintiff's minor daughter and the plaintiff, who has submitted himself to the jurisdiction of the court, and the presumptive Merrill remaindermen. We hold that neither class is sufficiently large or unavailable to justify a class action or to make it impracticable for all to be before the court.

While the district court ought to have considerable discretion in making such a determination, see In re Engelhard & Sons Co., 1913, 231 U.S. 646, 34 S.Ct. 258, 58 L.Ed. 416, and therefore we might ordinarily remand the matter for its initial determination since its action has thus far been predicated on the assumption that the class consisted of thirty-four members, we think that if we are right as to the law the facts of this case are too plain to require that procedure. Here all members of the class are readily available for joinder, and seven are minor children of other members who would ordinarily appear through them by guardianship, see Rule 17(c), so that the actual number of litigants would be seven, and eight or at most ten, respectively. Accordingly, we hold that neither class action was proper.

In the light of this disposition it is of course unnecessary for us to consider

the defendants' other attacks on the jurisdiction of the district court, and as to them we express no opinion.

### The Shareholder's Action

We turn finally to the shareholder's action. The plaintiff bases his ownership of stock and therefore his standing to sue, Rule 23(b), Federal Rules of Civil Procedure,[5] exclusively upon the stockholding of the trusts. Judge Smith held that this plaintiff, as a representative of all the beneficiaries of the trusts in a true class action, could maintain the derivative action. We must hold otherwise; for the reasons which we already stated regarding the trust action, the plaintiff may not represent the beneficiaries in a shareholder's action.

■ The plaintiff argues that his capacity to represent the trust ought to be sustained on the authority of Goldstein v. Groesbeck, 2 Cir., 1944, 142 F.2d 422, 154 A.L.R. 1285, and Galdi v. Jones, 2 Cir., 1944, 141 F.2d 984 in which cases this court sustained a so-called "double-derivative" action, and held that Rule 23(a), governing the propriety of a class action, does not apply in such suits. However these cases themselves demonstrate the insufficiency of plaintiff's argument. In order for him to maintain a double derivative action, he must first show that he has the power to sue as the representative of the trust, and then that the trust may sue as the representative of the corporation. In the cases cited the plaintiff's stockholding in the parent corporation entitled him to sue on its behalf without regard to Rule 23(a), and the parent's stock in the subsidiary entitled it to sue on the subsidiary's behalf. Here the plaintiff has failed to establish that he may sue as a representative of the trust. If he could so sue, these cases would establish that he could therefore bring an action based on the trust's stockholding. But he must first establish his power to represent the trust and he has not.

To supply this deficiency plaintiff contends that when a beneficiary sues on a trust cause of action because the trustee unreasonably refuses to sue, he may be considered to be a kind of trustee *ad litem*, and the other beneficiaries therefore need not be joined. In other words, he urges that upon the trustee's unreasonable or hostile refusal to press a trust claim the claim passes to each of the beneficiaries in such a way that any one may sue on the trust's behalf without joinder of the others.

■ The plaintiff offers several bases for this conclusion, none of which is acceptable. The first ground urged is that the other beneficiaries simply are not indispensable parties under Rule 19(a).[6] As we have already held that the other beneficiaries are indispensable parties when one seeks to assert a claim for surcharge and restoration of corpus on behalf of the trust against the trustee himself, we are thus presented with the question whether the requirement is different when the claim in behalf of the corporate defendant is against a third party. For purposes of this question we assume that under the applicable law, when the trus-

5. Rule 23(b), Federal Rules of Civil Procedure, in relevant part provides:

"(b) Secondary Action by Shareholders. In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law and (2) that the action is not a collusive one to confer on a court of the United States jurisdiction of any action of which it would not otherwise have jurisdiction. * * *"

6. Rule 19(a), Federal Rules of Civil Procedure provides:

"(a) Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

tee unreasonably declines to act or is hostile the beneficiaries jointly may assert the trust's derivative claim.

Assuming that the question is governed by federal law we think the result is clear. The beneficiaries are indispensable to an action to surcharge the trustee and restore corpus. 3 Moore's Federal Practice, page 2158. By suing the trustee directly the beneficiaries are merely by-passing the procedure of suing for his removal and for appointment of another trustee who might then assert their joint claim against his predecessor. Similarly, a beneficiary's action against a third party by-passes the separate action to compel trustees to sue and the alternative relief of surcharge for the failure to do so. The internal trust relationship being the same in both instances, it is apparent that if the beneficiaries ought to be in court when surcharge is sought against the trustee they ought also to be in court when a third party is sought to be held for defaults injuring the trust, whether it is the stock of the trust that is affected, or other property.

 This we think is implicit in the many cases which consider whether the joinder of the beneficiaries is required when the trustee himself sues a third party with reference to trust property. With exceptions not relevant here the result is uniformly that the beneficiaries need not be joined, and the reason given is that the trustee can so adequately represent the interests of the beneficiaries that they are concluded by his suit. The premise must of course be that it is necessary that the beneficiaries be concluded. See e. g., Brown v. Lochridge, 1957, 10 Ill.2d 254, 139 N.E.2d 762; Anderson v. Elliott, 1954, 1 Ill.App.2d 448, 117 N.E. 2d 876; Smith v. Wayman, 1949, 148 Tex. 318, 224 S.W.2d 211, 217–219; Spitz v. Dimond, 1942, 131 N.J.Eq. 186, 24

A.2d 188; cf. Turner v. Trust Co. of Georgia, 1958, 214 Ga. 339, 105 S.E.2d 22. Accordingly if the question of joinder is governed by federal law, we hold the other beneficiaries to be indispensable to this action and their non-joinder to require dismissal.

If Connecticut law governs the result would not be different. Butler v. Sisson, 1882, 49 Conn. 580 establishes at least that the action against a third party is in Connecticut regarded as a special exception to the general rule that the trustee's obligation is the primary recourse of the beneficiaries, and it therefore appears that if the beneficiaries are indispensable to the action for surcharge, they must also be indispensable to the alternative action to avoid the trustee's default and establish the liability of a third party directly. And if Connecticut law incorporates the law of Delaware as to Seymour, see Union & New Haven Trust Co. v. Watrous, 1929, 109 Conn. 268, 276 et seq., 146 A. 727, 731, nothing has been cited to us to support the view that Delaware law is to the contrary, while there is some recent authority which indicates that Delaware's view is the same as the Connecticut and federal view. See Brecker v. Nielsen, 1958, 21 Conn.Sup. 33, 143 A.2d 463. Accordingly we hold that the plaintiff alone under Rule 23(b) may not maintain a secondary action on the stock of the trust and that the action brought must be dismissed because the joinder of the other indispensable beneficiaries would destroy the diversity essential to jurisdiction.

But the plaintiff also urges that even if in an action by the beneficiaries of a trust in lieu of the trustee against a third party all the beneficiaries must be represented, they may under state law be represented by any single beneficiary. It is clear that Rule 17(b)[7] governs the

---

7. Rule 17(b), Federal Rules of Civil Procedure, in pertinent part provides:

"(b) Capacity to Sue or Be Sued. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a cor- poration to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, * * *."

choice of law on questions of capacity of an individual to sue as a representative, and that under that rule the *lex fori*, the law of Connecticut governs. We have not, however, found or been referred to **a** single Connecticut case which even remotely bears upon the power of a single beneficiary to represent all in such an action.

Other states have considered the question, but no favored rule emerges from the cases. In New York the joinder of all beneficiaries seems normally to be had, and to be required. See McQuaide v. Perot, 1918, 223 N.Y. 75, 119 N.E. 230; Varga v. Credit Suisse, 1957, 6 Misc.2d 843, 162 N.Y.S.2d 80; London v. Goodman, 1957, 6 Misc.2d 277, 162 N.Y.S.2d 972. In Missouri, too, in a very recent case it seems to have been assumed that the requirement of representation could only be fulfilled, in the absence of a valid class action, by the actual joinder of all beneficiaries. Moser v. Keller, Mo.1957, 303 S.W.2d 135.

To the extent that the law of Connecticut is uncertain, and the general law unclear, we must resort to the view which we think Connecticut would adopt as preferable. What we have already said governs our conclusion. Just as all beneficiaries must be joined in an action against the trustee, so all must be joined in an action against a third party. And the doctrine of virtual representation, whereby one may represent other members of an unascertained group before the court, is not applicable to justify the absence of persons whose status as beneficiaries has already been ascertained.

Finally, plaintiff challenges the assumption that in an action by the beneficiaries it is the trust's derivative claim that is asserted and urges that a beneficiary of a trust which holds stock is himself a shareholder of the corporation within the meaning of Rule 23(b). Judge Smith apparently found it unnecessary to decide this question directly since he found that as a group the beneficiaries could assert the trust's claim, and that this plaintiff could represent the group in a class action.

■ We hold that, whether state or federal law governs, one of many trust beneficiaries is not a shareholder of the corporation whose stock is held by the trust. While it has been held that equitable owners of stock are stockholders with capacity to sue derivatively, see, e. g., Rosenthal v. Burry Biscuit Corp., 1948, 30 Del.Ch. 299, 60 A.2d 106, and we assume that if federal law governs it is to the same effect, we do not think the result applicable in the case of the beneficiaries of active trusts because the effect would be to allow the plaintiff to avoid the purpose and effect of the rule just discussed which requires the joinder of all beneficiaries, who are equitable owners of the same shares, and to remit them to the protection of intervention. All beneficiaries have the interest of the preservation of the corpus composed of this stock. To require any one to join the others is merely to afford all the protection to which they are entitled as a result of the trust relationship and which without their joinder would be imperiled by the circumstance that the trustee's fiduciary obligations are bypassed.

Accordingly, the decision on the motion to dismiss the shareholder's action is reversed.

Defendants also appeal from an interlocutory injunction entered in the district court on March 12, 1959 which enjoined them from further prosecuting an action in the Connecticut Superior Court for New Haven County against Bernard H. Matthies and others seeking a declaratory judgment that the defendants are the duly appointed and qualified trustees under the wills of George and Annie Matthies. As we dismiss the action in which this injunction was granted the injunction falls with it and we need not consider the grounds urged for reversal.

Reversed with directions to dismiss the actions.

WATERMAN, Circuit Judge (concurring in part and dissenting in part).

I concur in ordering that Case No. 25525, D.C.Conn. Civil No. 7304, the "trust action," be dismissed.

I also agree that with respect to Case No. 25577 we need not consider the grounds urged upon us for reversal of the interlocutory injunction order of March 12, 1959, since that order was issued in Civil No. 7304 and our order directing that the complaint be dismissed in that action also disposes of the injunction appeal.

I differ from my colleagues in their disposition of Case No. 25524, D.C.Conn. Civil No. 7303, the stockholder's action. In that action Judge Smith granted appellants' motion to dismiss the complaint as to one defendant, the Seymour Corporation of Delaware. There is no appeal from this order. However, Judge Smith, though dismissing as to the corporation, retained in the case its liquidation trustees. I would affirm that order. I would also affirm Judge Smith in his denial of the motion to dismiss this stockholder's derivative action as to the other defendants.

In view of the detailed opinion of the court below, Matthies v. Seymour Manufacturing Company, D.C.Conn.1958, 23 F.R.D. 64–101, I shall adopt as many short cuts as I can and avoid repetition where reference to that opinion will do as well. I disagree with my colleagues wherein they hold that for George Matthies to maintain this secondary action he must first establish his power to repre-

sent the trusts. Obviously the trustees who Matthies claims have unreasonably refused to sue represent the trusts and hold legal title to the substantial blocks of stock that the trusts own in the Seymour Manufacturing Company. I also disagree with the court below when it so held. 23 F.R.D. 64, 90, 91. Matthies claims that, predicated upon his status as a presumptive remainderman and beneficiary of the trusts he is an "equitable and beneficial" shareholder of the Seymour Manufacturing Company,[1] and was such a shareholder during all the pertinent times that he alleges Seymour Manufacturing Company was mulcted and defrauded. It would clearly appear that his remainderman's interest in the entire corpora of the trusts would be in excess of one million dollars, and that a substantial part of these corpora were these blocks of Seymour Manufacturing Company stock.

I do not find it necessary for Matthies to represent the trusts in the stockholder's action, or to hold as does the court below that he could properly bring a class action for the trust beneficiaries. Nor do I agree with my colleagues that, whether he can do so or not in the state courts, he cannot do so in the U. S. District Court.

This action is brought to recover losses the corporation allegedly wrongfully sus-

---

1. The interest of George Matthies in the trusts is found at 23 F.R.D. 64, 99. The George Matthies trust (Paragraph II of Complaint) has held 762 shares of The Seymour Manufacturing Company since 1922. It also held 889 shares of The Seymour Corporation of Delaware, a corporation since liquidated. The Annie Matthies trust (Comp. III) has held 2500 shares of The Seymour Manufacturing Company since 1939. There are 9852 issued and outstanding shares of Seymour of which the trusts hold 3262 (Comp. VII). Batiscan, not separately discussed in the dissent, is a wholly owned subsidiary of Seymour (Comp. VIII). George Matthies properly pursues the alleged wrongs committed against Batiscan as a "double derivative" action within his derivative action against the holding company. See 23 F.R.D. 64, 90. It would appear that on October 21,

1957 (Comp. XIV(6)) an individual defendant owned 10 shares, and that Bernard Matthies, father of the plaintiff, owned 1441 shares, and at no time throughout the years concerned had Bernard held less than 1400 shares (Comp. XV) and that the trustees of the Matthies trusts (Comp. XVII) through their holdings of 3262 shares of Seymour stock, being 37% of it, together with Union and New Haven Trust Company, holding 18% of the stock, controlled Seymour in February 1957 and blocked a move by Bernard Matthies for a special meeting. It is alleged that Seymour's physical properties alone are in excess of $7,-000,000 and that it owns substantial other property (Comp. VII). The complaint seeks, of course, to recover yet other properties allegedly wrongfully diverted from it.

tained through improper actions of its officers and directors. Whatever may be recovered on behalf of the corporation benefits the corporation's treasury, and does not result in adding to the funds of the trusts, or in adding to the funds of George Matthies, except as the value of the corporate stock in Seymour held by the trusts may be enhanced by success of the suit. Plaintiff sues on behalf of himself and all other *stockholders* of Seymour Manufacturing Company, not on behalf of himself and his fellow beneficiaries of the Matthies trusts. Therefore the initial issue I find decisive here with reference to the defendants' attack upon diversity jurisdiction is the issue the court below so adequately treated in the opinion below, 23 F.R.D. at pages 85–90: Did George Matthies stand in the position of a shareholder of the Seymour Manufacturing Company at the time of the events alleged in his complaint to have taken place? My colleagues discuss that issue at the end of the majority opinion. They hold that a trust beneficiary in the position of George Matthies is not, within the meaning of Rule 23(b) a "shareholder" of a corporation whose corporate stock is held by the trustees of the trust, and hence he has no standing to so sue. I would hold the opposite. I do so on the opinion below, both because of the admirable presentation of the law on the point, but also for the sake of dissent brevity. It is my belief, however, that Judge Smith, having correctly decided (at pages 85–90) that George Matthies was a "shareholder" under Rule 23(b), should not have belabored a resolution (at pages 90–91) of whether the other beneficiaries of the Matthies Trusts were required to be joined with shareholder George as indispensable parties, or whether George was instituting a class action for his fellow-beneficiaries within the framework of a class action for all the stockholders of the Seymour Manufacturing Company. It was consistent, perhaps, with his approach to Civil Action No. 7304, the trust action, for him to have done so. And it is also consistent, perhaps, for the majority, here, since we have reversed the result in No. 7304, to hold that George had to show that he was the representative of the trusts and that the other beneficiaries of the trusts had to be joined.

In my belief, both the court below and my colleagues here err. Rule 23(a) and Rule 23(b) both codified the existing law at the time of the promulgation of the Rules of Civil Procedure. In Galdi v. Jones, 2 Cir., 1944, 141 F.2d 984, a case appealed from the District Court of Connecticut in which the facts and status of pleadings were not completely dissimilar from the situation in the case now before us, we pointed out, 141 F.2d 992, that F.R.Civ.P. 23(b) was in effect merely a continuation of former Equity Rule 27. We said: "The history of 23(b) makes it plain that the requirements of 23(a)—as to the existence of a numerous class, adequate representation of the class and the like—do not apply to such actions." And we pointed out (footnote 3b, at page 992) that under Equity Rule 27 a single stockholder could sue without any such showing as is required by F.R.Civ.P. 23(a). And see also our affirmation of that position by Clark, C. J., in Goldstein v. Groesbeck, 2 Cir., 1944, 142 F.2d 422, 425, 154 A.L.R. 1285, certiorari denied 1944, 323 U.S. 737, 65 S.Ct. 36, 89 L.Ed. 590.

I would hold that plaintiff has the right under Rule 23(b) solely by himself, as a "shareholder" within the meaning of that rule, to maintain this secondary action as a shareholder of Seymour, irrespective of any other of his relationships. Granting the right to sue, clearly he may sue in the U. S. District Court [2]

---

**2.** It should be noted that the Seymour Manufacturing Company is a Connecticut corporation, and that a stockholder's suit brought for the purpose of asserting a corporate cause of action, i. e., a derivative suit, in legal effect is the corporation's suit conducted by the stockholder who for the purposes of the suit is the corporation's representative, and the corporation is, of course, an indispensable party to the litigation. Were the corporation here a party complainant, diversity would be destroyed. Historically, however, the corporation never is a party

since Matthies is undeniably a citizen of California. The defendants' challenge to the district court's diversity jurisdiction fails, therefore, unless this jurisdiction is obtained by collusion (23(b) (2)).

Briefly, I mention the other grounds advanced by defendants in support of their moves to dismiss the complaint. Of course such a discussion is unnecessary in the majority opinion.

Defendants maintain that the action is a collusive one, and the court below conducted a preliminary hearing thereon. I subscribe to the analysis of these claims by Judge Smith, 23 F.R.D. 64, 84, and would affirm his decision that the jurisdiction of his court was not sought collusively in the sense that Rule 23(b) (2) forbids collusion.

I would also affirm on the District Court opinion its resolution of the claim that plaintiff here has "unclean hands." Nothing is to be gained by restating the specific allegations or elaborating upon the opinion with respect to them. However, it may not be amiss to comment my specific approval of the excellent discussion in the opinion below with respect to the extraordinary contention that a bona fide offer to compromise an about-to-be-entered lawsuit is blackmail when the offer seeks nothing more than the maximum relief prayed for in the complaint.

All other requirements of Rule 23(b) are fully complied with. The forty-five page complaint, in which there never is recourse to "upon information and belief," is verified by oath, the complaint quite plainly shows that the trustees of the Matthies trusts could have brought this derivative action on behalf of Seymour Manufacturing Company, and it is equally plain that they would not do so. Hence it is my belief that it is equally plain, also, that this action ought in equity to be permitted to be brought by a remainderman who is the owner of an equitable and beneficial interest in the stock.[3]

Therefore, I would remand No. 25524, D.C.Conn. Civil No. 7303, to the district court for such further pleadings and such further action there as may be appropriate.

---

plaintiff even though the suit is brought for its benefit. It is a party defendant, is represented by different counsel than the complaining stockholder, and resists the action, as here. See Smith v. Sperling, 1957, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205, and Swanson v. Traer, 1957, 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221, indicating that the corporation is to be joined as a defendant rather than as a plaintiff.

3. Plaintiff alleges (Comp. VII) that:
"At all times herein mentioned since the death of the said settlor George E. Matthies on April 11, 1922, there has been, and there now is, vested in the plaintiff an equitable and beneficial interest in the said 762 shares of common stock of The Seymour Manufacturing Company included in the corpus of the said George E. Matthies Trust. At all times herein mentioned since the death of the said Annie W. Matthies on November 22, 1939, there has been, and there now is, vested in the plaintiff an equitable and beneficial interest in the said 2500 shares of common stock of The Seymour Manufacturing Company included in the corpus of the said Annie W. Matthies Trust. The plaintiff George C. Matthies further alleges that he was a beneficial and equitable shareholder of The Seymour Manufacturing Company at the time of each and every transaction of which he complains herein."

And he alleges (Comp. XVIII) that he brings this suit
"as an equitable and beneficial stockholder of The Seymour Manufacturing Company in behalf of all stockholders in said corporation for the benefit of the said The Seymour Manufacturing Company, and for the benefit of its wholly owned subsidiary Batiscan Company."