George C. MATTHIES, Plaintiff-Appellee,

v.

SEYMOUR MANUFACTURING COMPANY et al., Defendants-Appellants.

George C. MATTHIES, Plaintiff-Appellee,

v.

Earl B. BOIES et al., Defendants-Appellants.

Nos. 284, 285, 321,
Dockets 25524, 25525, 25577.

United States Court of Appeals
Second Circuit.

Argued Sept. 24, 1959.

Decided Nov. 24, 1959.

Dean Acheson, Charles A. Horsky, and Stanley L. Temko, of Covington & Burling, Washington, D. C., Leo V. Gaffney, New Britain, Conn., John P. Hodgson, Hartford, Conn., Robert M. Fitzgerald, Litchfield, Conn., John S. Barton, Curtis V. Titus, and A. Reynolds Gordon, Bridgeport, Conn., for George C. Matthies, plaintiff-appellee.

William H. Timbers, Darien, Conn., James William Moore, New Haven, Conn., Howard P. Fink, Rochester, N. Y., Barry H. Garfinkel, New York City, and John F. Spindler, Stamford, Conn., for defendants-appellants Earl B. Boies, H. George Carroll, Raymond E. Hackett, and Francis P. Schiaroli; David Goldstein and Jacob D. Zeldes, Bridgeport, Conn., for defendant-appellant H. Meade Alcorn, Jr.; and Joseph P. Cooney, Hartford, Conn., for defendant-appellant Seymour Mfg. Co. in opposition.

John K. Holbrook and William E. Mills, Jr., New York City, and William A. Phillips, New Haven, Conn., for defendants-appellants Janet Pouch Redmond and Louise Jerome McMillan in opposition.

Before CLARK, Chief Judge, and LUMBARD, WATERMAN, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

The petition for reconsideration *en banc* is denied, 2 Cir., 270 F.2d 365.

CLARK, Chief Judge (dissenting).

I dissent from the denial of reconsideration *en banc*. While not enamored of that procedure—which in my experience to date has conduced only to division and delay—yet the issue is drawn before us and an affirmative vote by me affords an opportunity to express the concern I feel at the troublesome restrictions here being imported into important rules of civil procedure. Moreover, it allows me to point out the narrowness of the margin by which these limiting glosses have been adopted and their obviously far from permanent basis.

It is a well-known inveterate practice for a court to employ formalism to achieve a just result which appears not susceptible of easy rationalization otherwise. One would be indeed naive not to expect this, even though sad experience teaches that the price paid for such immediate justice soon becomes a grievous obstacle to future just adjudication. So my brothers are seemingly seeking a way of limiting federal jurisdiction in the situation here presented and have taken this reconstruction of the rules as a means to that end, even though other grounds urged by defendants and not discussed might seem more apt. At any rate the result I feel is most unfortunate for the future utility of the two highly useful rules, F.R. 23(a) and 23(b). In each case I think the correct interpretation is not that set forth in the opinion here, but is that made by Judge Smith in his persuasive opinion below, D.C. Conn., 23 F.R.D. 64, and in which Judge Waterman has concurred as to F.R. 23 (b). In passing I might note that this seems to me another illustration of the unfortunate tendency of the new interlocutory appeals statute, 28 U.S.C. § 1292 (b), to overemphasize strict pleading and in so doing to throw our procedure out of line with the liberal spirit fostered by the civil rules.

Turning first to the representative action under F.R. 23(a) for relief against the trustees, it is clear that there are 34 actual persons in the potential class and it seems to be conceded that this

number is sufficiently large to justify a representative action, particularly when supported by Judge Smith's carefully exercised discretion upon a consideration of all the circumstances involved. But this showing is held to be overcome by a kind of process of subinfeudation whereby certain of the class are pushed into a secondary rank, to be represented "virtually" (sic!) by someone who in turn is to be represented by someone else. There is not a word of this hierarchy among representees in the rule itself, and the whole idea is contrary to the manifest intent of the rule. The person accepted by the court as the representative is obviously the fiduciary—*ad hoc* to bear the full responsibility without the interposition of some doubtful third party. If such ranking among representers is to be worked out generally for all applications of F.R. 23(a) it is obvious that its utility will be largely destroyed, since in any class there will pretty surely be some more directly in need of representation than others or at least a court may be persuaded so to think.[1] And if it is made a limited exception only, applying perhaps here and there, it is even more dubious because of the confusing nature of its reach and because of the partiality necessarily attendant upon a rule of uncertain incidence.

Looking next at the trust action under F.R. 23(b) the rule would seem properly inclusive of all owners of shares of stock in an ordinary common sense way without technical legal distinctions of title, interest, and the like. Here both Judge Smith and Judge Waterman have developed the point so well that I can add nothing. I therefore express regret at what seems a dismemberment of useful rules of procedure, and suggest that amendment or change ought to come from the Supreme Court in the exercise of its rule-making functions and upon report from the advisory committee or committees authorized by recent legis-

lation, rather than from an appellate court reviewing a particular case. Consequently I dissent.

WATERMAN, Circuit Judge.

With Chief Judge CLARK I favored reconsideration *en banc*. I reaffirm the content of my dissenting opinion, 270 F.2d 365, at pages 375–378.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

On Petition for Rehearing.

PER CURIAM.

The petition for rehearing is denied.

WATERMAN, Circuit Judge.

I dissent. I would grant the petition for rehearing.

---

1. Text writers seem rather agreed that the fullest potentialities of the class suit have not been realized; and they urge its extension, as indeed we noted in Dick-inson v. Burnham, 2 Cir., 197 F.2d 973, 979, and note 4, certiorari denied 344 U.S. 875, 73 S.Ct. 169, 97 L.Ed. 678.