FIRST NATIONAL BANK OF WINNETKA, Plaintiff and Counterdefendant-Appellee, *v.* LILLIAN ALLEMAN *et al.*, Defendants-Appellees.— (Jeanette Markin, Defendant and Counterplaintiff-Appellant.)

First District (3rd Division)   No. 81—2035

Opinion filed March 30, 1983.—Rehearing denied July 8, 1983.

Lowell J. Myers, of Chicago, for appellant.

Carter Howard and James A. Flesch, both of Keck, Mahin & Cate, of Chicago, for appellee First National Bank of Winnetka.

Howard R. Slater, of Slater and Lieberman, of Chicago, for appellees Steven L. Amdur and Neal O. Amdur.

Aaron E. Hoffman and Barbara C. Herbert, both of Altheimer & Gray, of Chicago, for appellees Arvin Rieger, Bessie Katz Rieger, and Ruth Rieger Karlin.

JUSTICE WHITE delivered the opinion of the court:

First National Bank of Winnetka (the Bank), appellee, as successor trustee under a testamentary trust created under the last will of Toby Provus, brought this action seeking construction by the court of Article Eight (c)(e) of that will which distributes two-thirds of the corpus of the trust in specified amounts to certain named beneficiaries and the remainder to "all nieces and nephews, great-nieces and great-nephews, and blood cousins of the first and second degrees of my late beloved husband, Isadore Provus, and myself, who shall be living at my demise." The trial court entered a judgment and decree which construed the language "blood cousins of the first and second degrees" to mean "first cousins and their natural children."

Notice of this litigation was given to the nieces, nephews, great-nieces, great-nephews, first cousins and first cousins once removed. On the motion of the Bank, the trial court appointed guardians ad litem to represent "all first cousins of the second or greater removals and all second cousins of all removals of either Toby Provus or Isadore Provus." Appellant Markin, by several motions, requested the trial court to serve notice upon the first cousins of the second or greater removals and the second cousins. These motions were denied and the trial court found that the guardians ad litem, as representatives of the two named classes, would adequately represent the classes and that there was no requirement for further notice to the class members.

Markin, a niece of testatrix, appeals contending, inter alia, that the trial court lacked jurisdiction because proper notice was not given to first cousins of the second or greater removals and second cousins,

and that the appointment of guardians *ad litem* was not sufficient. The Bank's amended complaint made first cousins of the second or greater removals and second cousins defendants in the case and alleged that those persons may have a beneficial interest in the trust fund.

■ This proceeding is one in which the first cousins of the second or greater removals and second cousins may be deprived of property rights. Accordingly, due process requires that they be apprised of the pendency of the action and afforded an opportunity to present their objections. *Schroeder v. City of New York* (1962), 371 U.S. 208, 9 L. Ed. 2d 255, 83 S. Ct. 279; *Mullane v. Central Hanover & Trust Co.* (1949), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652; *Valdez v. City of Ottawa* (1982), 105 Ill. App. 3d 972, 434 N.E.2d 1192.

Appellees argue that notice was not required under the facts of this case. They concede that generally all persons who have an interest in the subject matter of the litigation and who will be affected by the judgment should be made parties to the action, citing *Georgeoff v. Spencer* (1948), 400 Ill. 300, 79 N.E.2d 596. However, they note, there are two exceptions to this rule: (1) where beneficiaries are very numerous, so that the delay and expense of bringing them in become burdensome and oppressive; and (2) where absent parties are adequately represented by persons actually before the court who are equally certain to bring forward the entire merits of the question. (See *Anderson v. Elliott* (1954), 1 Ill. App. 2d 448, 117 N.E.2d 876.) Appellees contend that the facts of the instant case bring it within the above exceptions and, therefore, lack of notice to the first cousins of the second and greater removals and second cousins did not result in a jurisdictional defect. They maintain that this task is particularly burdensome since it is required prior to a determination by the court that these collateral relatives have any interest in the trust fund. Additionally they argue that those relatives were adequately represented by the guardians *ad litem*. We disagree.

Appellant Markin maintains that the number of persons involved is relatively small; that their names and addresses are either known or obtainable with a reasonable effort; and that *Mullane v. Central Hanover & Trust Co.* (1949), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652, requires that they be notified. *Mullane* involved the constitutional sufficiency of notice to beneficiaries by the trustee of a common trust fund. There the only notice given beneficiaries was by publication in a local newspaper. The *Mullane* court held that such notice to beneficiaries whose names and addresses were known was inadequate because under the circumstances it was not reasonably calculated to

reach those who could easily be informed by other means at hand such as the ordinary mail. As to beneficiaries whose interests or whereabouts could not with due diligence be ascertained, the court held that notice by publication was sufficient since there was no other means of giving them notice which was both practicable and more effective.

■ Applying these principles to the case at bar we are of the opinion that the first cousins of the second or greater removals and second cousins should have been notified of the present litigation. The record shows that approximately 300 cousins comprise the group at issue in this appeal and in addition to their names, the addresses of some of those cousins are known. A comprehensive list of the relatives of the testatrix has been compiled and the trial court ordered that the cost of preparing that list be paid out of the testamentary trust fund. Under such circumstances, we do not believe it would be unduly burdensome or oppressive to require that those individuals who are named in the list be notified as required by *Mullane.* The purpose of notice is to give the relatives an opportunity to be heard regarding any potential interest they may have in the trust. To notify them after the court has already made a determination in that regard deprives them of that opportunity.

We note that the guardians *ad litem* who represented the first cousins of the second and greater removals and the second cousins adopted the memorandum of one of the appellees. Implicit in the argument of that memorandum is that the first cousins of the second or greater removals took nothing under the testamentary trust. Although this may ultimately have been the position of those relatives, we are not persuaded that it was in their best interest to preclude them from appearing with their own attorneys and voicing any objections they might have had.

Accordingly, for the reasons set forth above, we reverse the judgment of the trial court and remand this cause for proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA, P.J., and RIZZI, J., concur.